**E-Filed 6/7/2010**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LAURA GENS,<br><br>            Plaintiff,<br><br>    v.<br><br>WACHOVIA MORTGAGE CORPORATION, CAL-WESTERN RECONVEYANCE CORPORATION, WORLD SAVINGS BANK FSB, WACHOVIA MORTGAGE FSB, GOLDEN WEST SAVINGS ASSOCIATION SERVICE CO., FINANCIAL TITLE COMPANY, and DOES 1-100, inclusive,<br><br>            Defendants. | Case Number C 10-1073 JF (HRL)<br><br>**ORDER RE WACHOVIA'S APPLICATION FOR INSTRUCTIONS**<br><br>Re: Docket No. 47 |

On May 24, 2010, Defendant Wachovia Mortgage, a division of Wells Fargo Bank, N.A. ("Wachovia") filed the instant Ex Parte[1] Application for Instructions. First, Wachovia requests that the Court clarify that the general stay entered in this action as reflected in the minutes posted following the March 26 hearing on the order to show cause re preliminary injunction has been

---

[1] Wachovia refers to the application as being "ex parte" but the docket reflects that the application was electronically mailed to Plaintiff.

Case Number C 10-1073 JF (HRL)
ORDER RE WACHOVIA'S APPLICATION FOR INSTRUCTIONS
(JFLC1)

vacated. Dkt. 29 ("The Court stays the case pending further order of the Court.") On May 12, 2010, the Court issued an order denying Plaintiff's motion for a preliminary injunction, but it did not address specifically whether the previously entered stay was vacated. The Court now clarifies that the stay has been VACATED.

Second, Wachovia requests a date by which to respond to Plaintiff's second amended complaint, as well as a continuance of the presently scheduled case management conference. On March 25, 2010, Wachovia filed a motion to dismiss and motion to strike with respect to Plaintiff's initial complaint. On the same date, Plaintiff filed an amended pleading. Wachovia recognizes in the instant motion that Plaintiff's amended pleading moots its motions to dismiss and to strike. Accordingly, in light of the fact that the stay in this action has been vacated, Wachovia may file a response to Plaintiffs operative complaint on or before twenty-one days following the date of this order. The case management conference is continued to July 20, 2010.

Finally, Defendant informs the Court that after the motion for preliminary injunction was denied, Plaintiff filed for Chapter 11 bankruptcy. Defendant seeks to avoid any confusion with respect to the impact of Plaintiff's bankruptcy action. The automatic stay provision of the bankruptcy code provides that a bankruptcy petition "operates as a stay" of "a judicial, administrative or other action or proceeding <u>against the debtor</u>..." 11 U.S.C. §§ 362(a), (a)(1) (emphasis added). The automatic stay provision does not apply in this action because it bars actions *against* the debtor, not "a claim by, not against, the debtor." *Parker v. Bain*, 68 F.3d 1131, 1138 (9th Cir. 1995) (emphasis added). The claim's "successful prosecution would 'inure to the benefit of the bankruptcy estate.'" *Id.*, quoting *Carley Capital Group v. Fireman's Fund Insurance Co.,* 889 F.2d 1126, 1127 (D.C.Cir.1989) (per curiam) (citations omitted). Accordingly, Plaintiff's bankruptcy filing does not necessitate a stay in this action.[2]

---

[2] The Court makes no comment as to whether any foreclosure proceedings or other actions involving Plaintiff would be subject to the bankruptcy code's automatic stay provision.

Case Number C 10-1073 JF (HRL)
ORDER RE WACHOVIA'S APPLICATION FOR INSTRUCTIONS
(JFLC1)

**IT IS SO ORDERED.**

DATED: 6/7/2010

JEREMY FOGEL
United States District Judge

Case Number C 10-1073 JF (HRL)
ORDER RE WACHOVIA'S APPLICATION FOR INSTRUCTIONS
(JFLC1)