UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| LAURA GENS, | ) | Case No.: 10-CV-01073-LHK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING DEFENDANTS' |
| v. | ) | MOTION TO DISMISS IN PART WITH |
| | ) | PREJUDICE AND IN PART WITH |
| WACHOVIA MORTGAGE CORP., et al., | ) | LEAVE TO AMEND; AND DENYING |
| | ) | DEFENDANTS' MOTION TO STRIKE |
| Defendants. | ) | AS MOOT |
| | ) | |

Plaintiff Laura Gens, proceeding *pro* se, has asserted various federal and state law claims in connection with the default and foreclosure proceedings on property located at 4141 Old Trace Road, Palo Alto, California. Defendants are Wachovia Mortgage Corporation; Cal-Western Reconveyance Corporation; World Savings Bank, FSB; Wachovia Mortgage, FSB; Golden West Savings Association Co.; and Does 1-20, inclusive. Presently before the Court are two motions: Defendants' Motion to Dismiss [dkt. #49] and Motion to Strike [dkt. #51] Plaintiff's Second Amended Complaint ("SAC"). Pursuant to Civil Local Rule 7-1(b), the Court deems Defendants' motions appropriate for resolution without oral argument. For the reasons discussed below, Defendants' Motion to Dismiss is GRANTED IN PART WITH PREJUDICE AND IN PART WITH LEAVE TO AMEND. Defendants' motion to strike is DENIED AS MOOT.

## I.  BACKGROUND

### A.  Procedural History

Plaintiff filed the instant action in Santa Clara County Superior Court on February 26, 2010.

1    Defendants removed the action to federal court on March 12, 2010. On March 18, 2010, Plaintiff
2    filed an ex parte application for a temporary restraining order to prevent a Trustee's Sale on the
3    Property scheduled for March 22, 2010. The Honorable Jeremy Fogel granted Plaintiff's
4    application for a temporary restraining order on March 19, 2010. *See* Dkt. #18. Plaintiff then filed
5    the SAC on March 25, 2010. After an unsuccessful settlement conference in April 2010, Judge
6    Fogel denied a preliminary injunction on the ground that Plaintiff did not establish a likelihood of
7    success on the merits on any of the claims in her First Amended Complaint. *See* May 12, 2010
8    Order by Judge Jeremy Fogel Denying Prelim. Inj. [dkt. #46] ("May 12, 2010 Order"). The May
9    12, 2010 Order was based upon Plaintiff's First Amended Complaint, but also noted that the "new
10   facts alleged by Plaintiff in the SAC would not alter the determination of the instant motion." *See*
11   *id*. at 3. On May 21, 2010, Plaintiff filed for Chapter 11 bankruptcy in the United States
12   Bankruptcy Court for the Northern District of California (Case No. 10-55305). The bankruptcy
13   code provides for an automatic stay of any judicial or administrative proceeding against a debtor,
14   but Judge Fogel ruled that the automatic stay provision did not apply to this action because this
15   case involves "a claim by, not against, the debtor." *See* June 7, 2010 Order by Judge Jeremy Fogel
16   Re: Wachovia's Application for Instructions [dkt. #48]. This case was reassigned to this Court on
17   August 2, 2010.
18        Now before the Court are Defendants' motions to dismiss the SAC and to strike portions of
19   the SAC. Plaintiff has filed an opposition to both motions, and Defendants have filed a reply.
20        **B. Factual Background**
21        The May 12, 2010 Order lays out the factual background surrounding Plaintiff's loan and
22   eventual default. Because most of that factual background has not changed, the Court will only
23   highlight the facts necessary to the determination of the instant motions. On November 17, 2006,
24   Plaintiff obtained a $1.6 million adjustable rate mortgage (ARM) loan from Defendant World
25   Savings Bank. SAC ¶ 12. The loan was secured by a Deed of Trust against the property at 4141
26   Old Trace Road, Palo Alto, California (the "Property"). According to Plaintiff, the new $1.6
27   million loan paid off a prior loan she had from Washington Mutual for $1.56 million. *Id*. at ¶ 10.
28   Plaintiff alleges that the $1.6 million was made "with no determination of the ability of the

borrower to repay," *Id*. at ¶ 17, and that Defendants "breached their fiduciary duty to Plaintiff" because they knew the loan would go into default. *Id*. at ¶ 19.

Plaintiff also alleges a "litany of errors" in serving the loan, including errors in calculating monthly payments and other clerical errors. *Id*. at ¶ 15. Plaintiff alleges that Defendants did not provide her "with accurate material disclosures required until TILA," *Id*. at ¶ 82, and also notes that "the notices given at closing [were] incomprehensible." *Id*. at ¶ 83. However, Defendants submit with their opposition papers a Federal Truth in Lending Disclosure Statement ("TILDS") and Notice of Right to Cancel ("NRC"), both of which are acknowledged and signed as received by Plaintiff as of November 2006. *See* Defs.' Request for Judicial Notice, Exh. 7 (TILDS signed by Plaintiff) and Exh. 8 (NRC signed by Plaintiff).

Plaintiff submits that "sometime before November 2008, Defendant Wachovia allegedly substituted as beneficiary and loan servicer in place of World Savings," without providing Plaintiff notice of the substitution in violation of California law. *Id*. at ¶ 31. However, Defendants seek judicial notice of evidence that Wachovia did not substitute as beneficiary, but rather World Savings Bank changed its name to Wachovia effective December 31, 2007. *See* Defs.' Request for Judicial Notice, Exh. 1 (Letter from Office of Thrift Supervision indicating name change).

In April 2008, a Notice of Default was recorded against the Property by the trustee Golden West Savings Association Service Company. On November 4, 2008, a Notice of Trustee's Sale was recorded, which identified a total amount owed of approximately $1.85 million. On November 18, 2008, Plaintiff paid Wachovia $80,000. Plaintiff contends that this payment to Wachovia was "to formally reinstate the loan and make modifications to the loan to correct errors in the loan servicing." SAC ¶ 32. Defendants, citing to a letter agreement signed by Plaintiff, state that the $80,000 payment only postponed the Trustee's Sale, as $80,000 was not sufficient to bring the loan current. *See* RJN, Exh. 15 (November 19, 2008 Forbearance Plan Agreement sent by Wachovia and signed by Plaintiff) (stating that "If, after receipt of this signed agreement and the $80,000 payment, the above referenced loan is not brought current or paid in full on or before 12/19/2008, Wachovia Mortgage will pursue or continue the remedies available to it as stated in your Note and Security Instrument.").

3

Case No.: 10-CV-01073-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING DEFENDANTS' MOTION TO STRIKE

On January 16, 2009, a substitution of trustee was recorded on the property, which substituted Defendant Cal-Western Reconveyance Company for former trustee Golden West Savings Association and designated Defendant Wachovia Mortgage, FSB as the new beneficiary. Plaintiff alleges that this substitution is "defective and void ab initio" because the substitution was not recorded prior to the notice of default. SAC ¶ 51. On or around February 19, 2010, a second Notice of Trustee's Sale was recorded, but was postponed until March 22, 2010, and postponed again to May 24, 2010 by Judge Fogel's granting of Plaintiff's motion for temporary restraining order. Plaintiff alleges that the Second Notice of Trustee's Sale did not comply with the procedural requirements (e.g., no new notice of default) of the California Civil Code. *Id*. at ¶¶ 48-53.

As Judge Fogel noted in the May 12, 2010 Order, Plaintiff has refused to make monthly mortgage payments on the loan since making the partial payment of $80,000 in November 2008.

## II.   LEGAL STANDARDS

### A.  Motion to Dismiss

Dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is "proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Services, Inc.*, 606 F.3d 658, 664 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). In considering whether the complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). However, the court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc.* (*In re Gilead Scis. Sec. Litig.*), 536 F.3d 1049, 1055 (9th Cir. 2008). While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.

1    If the court concludes that the complaint should be dismissed, it must then decide whether
2  to grant leave to amend. "[A] district court should grant leave to amend even if no request to
3  amend the pleading was made, unless it determines that the pleading could not possibly be cured
4  by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe*
5  *v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

### B. Documents Considered by the Court

A court may take judicial notice of facts that are not subject to reasonable dispute and are either: 1) generally known within the territorial jurisdiction of the trial court; or 2) capable of accurate and ready determination by resort to resources whose accuracy cannot be reasonably questioned. Fed. R. Evid. 201(b). The Court may consider, under the incorporation by reference doctrine, documents that are connected to the loan transaction at issue, as to which both Plaintiffs and Defendants make unopposed requests for judicial notice. For purposes of ruling on a motion to dismiss under Rule 12(b)(6), the pleadings are deemed to include "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *See Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998). The Court may also take judicial notice matters of public record. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

Here, the Court takes judicial notice of: 1) the November 19, 2007 OTS Letter indicating the name change of World Savings to Wachovia Mortgage, FSB; 2) the Federal Truth in Lending Disclosure Statement ("TILDS"), acknowledged and signed as received by Plaintiff as of November 2006; 3) the Notice of Right to Cancel ("NRC"), also acknowledged and signed as received by Plaintiff as of November 2006; and 4) the November 19, 2008 Forbearance Plan Agreement between Wachovia Mortgage, FSB and Plaintiff. Plaintiff has not opposed Defendants' request for judicial notice of these documents. Moreover, the first document (OTS Letter) is a matter of public record, while the latter three documents are expressly referenced in Plaintiff's SAC.

5

Case No.: 10-CV-01073-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING DEFENDANTS' MOTION TO STRIKE

### III.  DISCUSSION

Plaintiff brings numerous federal and state law claims in her SAC, all revolving around alleged errors in the servicing of her loan and alleged defects in the foreclosure process.  The Court will first address Plaintiff's federal claims.  The Court will then briefly discuss Plaintiff's state law claims.  The latter discussion will be brief because Plaintiff's state law claims are preempted.

**A.  Federal Claims**

**1.  The Truth in Lending Act ("TILA"), 15 U.S.C. §1601 *et seq*.**

**a.  Statute of Limitations**

Plaintiff seeks both money damages (fifth cause of action), for which the applicable statute of limitations period is one year, *see* 15 U.S.C. § 1640(e), and rescission (eighth cause of action), for which the applicable limitations period is three years.  *See* 15 U.S.C. § 1635(f).  Defendants argue that: 1) any damages or rescission claim under TILA is time-barred; and 2) in any event, Defendants provided Plaintiff the proper TILA disclosures, and Plaintiff, via signature, acknowledged receiving those disclosures.

Defendants are correct that a TILA claim for damages is subject to a one-year statute of limitations.  *See* 15 U.S.C. §1640(e).  As a general rule, the one-year period runs from the date of the consummation of the transaction at issue.  *See King v. California*, 784 F.2d 910, 915 (9th Cir. 1986).  In this case, the loan transaction occurred on November 17, 2006, but Plaintiff did not file suit until February 26, 2010, far beyond the one-year period.  However, "the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action."  *See King*, 784 F.2d at 915.

Plaintiff, in her SAC, makes the conclusory allegation that the TILA statute of limitations is tolled because of "Defendants' failure to timely and effectively provide the required disclosures and notices."  SAC ¶ 84.  Plaintiff does not specify what disclosures were not made, what new information Plaintiff discovered that she did not know previously, or provide any reason why she could not have discovered the TILA violation with reasonable diligence.  This type of "formulaic recitation," especially in a now second amended complaint, fails to meet even a liberal pleading

6

standard. *See Iqbal*, 129 S. Ct. at 1949) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'").

In her opposition to Defendants' motion, Plaintiff contends, for the first time in this litigation, that she initially received a packet of closing documents for "another transaction, not hers," and that this "error was not discovered until years later." *See* Pl.'s Opp'n to Defs. Mot. to Dismiss and Mot. to Strike at 3 [dkt. #61]. This allegation is not in Plaintiff's SAC, and is in fact inconsistent with allegations in the SAC that the disclosures provided to her were inadequate. *See, e.g.*, SAC ¶ 83 (discussing Plaintiff's receipt of various closing documents and notices in connection with her loan). Moreover, even if the Court assumes the truth of this allegation, Plaintiff still fails to allege why she could not have discovered this error within the one-year statute of limitations, especially since Plaintiff alleges "a litany of errors" as soon as the loan was made in November 2006. As Defendants rightly argue, Plaintiff appears to be admitting a complete lack of diligence on her part by stating, without explanation, that she did not discover "until years later" that the closing documents in her $1.6 million loan were for another transaction. This incredible allegation calls for some very good explanation as to why Plaintiff could not or did not simply open the packet of documents prior to the onset of this litigation.

The Court recognizes that it has "a duty to construe pro se pleadings liberally, including pro se motions as well as complaints." *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003). The Ninth Circuit has stated that because a determination on equitable tolling often depends on matters outside the pleadings, "it is not generally amenable to resolution on a Rule 12(b)(6) motion." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995) (internal quotations and citation omitted). Thus, as long as the complaint, liberally construed, "adequately alleges facts showing the potential applicability of the equitable tolling doctrine," a motion to dismiss should not be granted. *Cervantes v. City of San Diego*, 5 F.3d 1273, 1277 (9th Cir. 1993). However, if a plaintiff, even a pro se plaintiff, "fails to allege facts demonstrating that he could not have discovered the alleged violations by exercising reasonable diligence," dismissal is appropriate. *Rosenfeld v. JPMorgan Chase Bank, N.A.*, No. C 09-6070, 2010 WL 3155808 (N.D. Cal. 2010) (citing *Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902-03 (9th Cir. 2003)).

1      Plaintiff's allegations are conclusory and internally inconsistent; thus, Plaintiff's TILA damages claim is dismissed. Leave to amend, however, is granted to give this pro se Plaintiff an opportunity to adequately state a claim and to allege equitable tolling, if appropriate. In any third amended complaint, Plaintiff must state the facts underlying her argument for equitable tolling. Specifically, Plaintiff must: 1) identify what disclosures were not made and what *new* information she discovered that was not previously known; and 2) explain, without resort to mere conclusory allegations, why she could not have discovered the alleged TILA violations within the one-year statute of limitations. Failure to do so will result in dismissal of her TILA damages claim with prejudice.

Similarly, Plaintiff's TILA rescission claim is time-barred by the relevant three-year statute of limitations. Unlike a TILA damages claim under §1640(e), however, a TILA rescission claim is not subject to equitable tolling. *See* 15 U.S.C. § 1635(f) (the "right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, *notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor*." The Ninth Circuit has stated that "§1635 is a statute of repose, depriving the courts of subject matter jurisdiction when a §1635 claim is brought outside the three year limitations period." *See Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002). Thus, any potential right to rescission expired in November of 2009, months before Plaintiff filed suit in February 2010. Accordingly, as leave to amend would be futile, Plaintiff's TILA rescission claim is dismissed with prejudice.

### b. Adequacy of TILA Disclosures

As the Court is granting Plaintiff leave to amend her TILA damages claim, the Court notes that the allegations in the SAC are pled in such a general and conclusory fashion that, even assuming equitable tolling applied to the TILA damages claim, Plaintiff would fail to state a claim if she can not allege, with sufficient detail, exactly how Defendants violated TILA. Plaintiff did not identify what disclosures were not made or which disclosures were inaccurate, nor did Plaintiff have any response to Defendants' submission of a November 2006 TILA disclosure and Notice of

Right to Cancel *signed and acknowledged* by Plaintiff. As noted in the prior section, failure to provide such information will result in dismissal of her TILA damages claim with prejudice.

### 2. The Home Ownership Equity Protection Act ("HOEPA"), 15 U.S.C. §1639

HOEPA requires additional disclosures for "a special class of regulated loans that are made at higher interest rates or with excessive costs and fees," triggered at 8% of the amount financed. *See* 15 U.S.C. §§ 1639(a), 1602(aa). HOEPA is not itself an independent regulatory scheme, but is rather an amendment to TILA. Claims under HOEPA are governed by the same statute of limitations as are claims under TILA: three years for claims seeking rescission and one year for claims seeking damages. 15 U.S.C. §§ 1635(f), 1640(e); 12 C.F.R. § 226.23(a)(3).

Plaintiff claims that Defendants violated the Home Ownership Equity Protection Act ("HOEPA") entitling her to rescission and damages. Plaintiff alleges that she was required to pay fees, expenses, and costs of more than 10% of the amount financed. SAC ¶ 133. Defendants contend that the HOEPA disclosure requirements are not applicable because Plaintiff's "Borrower Closing Statement," attached to Plaintiff's memorandum in support of her prior ex parte application for a temporary restraining order, shows that Plaintiff could, at most, have only paid 4.25% in fees, expenses, and costs of the amount financed. *See* Defs. Mot. to Dismiss at 2.

It is not clear that HOEPA even applies to Plaintiff's loan since Plaintiff does not identify what costs, fees, and expenses she paid in connection with the November 2006 loan or state what disclosures were not made. However, the Court need not resolve this issue at this time. For the reasons explained above in connection with Plaintiff's claims under TILA, any potential claim under HOEPA is time-barred unless equitable tolling is appropriate. Generally, a HOEPA violation occurs "at the time the loan documents were signed." *Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003). Plaintiff's loan closed in November 2006, but Plaintiff did not file suit until February 2010. As noted above in the section under TILA, there are no allegations in the second amended complaint to support an equitable tolling claim and the new allegations that Plaintiff received the wrong document packet (and did not open the pack "until years later") do not suffice to establish equitable tolling.

Accordingly, Plaintiff's HOEPA claim is dismissed with leave to amend. In any third amended complaint, Plaintiff must allege, with specificity, why HOEPA is applicable to her loan, what required disclosures were not provided, and why equitable tolling is appropriate. If Plaintiff fails to identify specific facts, then the Court will dismiss the HOEPA claim with prejudice.

### 3. The Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601

RESPA's prohibition against kickbacks provides that "[n]o person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person." 12 U.S.C. § 2607(a). Further, "[n]o person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed." *Id*. at § 2607(b). Any actions brought under Section 2607, however, must be brought within one year from the date of the alleged violation. 12 U.S.C. § 2614.

Plaintiff alleges that "Defendants violated RESPA because the payments between the Defendants were misleading and designed to create a windfall," and, "as a proximate result of Defendants' actions Plaintiff has been damaged in an amount not yet ascertained, to be proven at trial." SAC ¶¶ 93-94. Defendants argue that Plaintiff's RESPA claim is time-barred and, in any event, legally defective.

The Court agrees with Defendants on both accounts. Plaintiff does not specify to which "payments" she is referring, how the payments were misleading, or even which Defendant made the payment and which Defendant received the payment. Moreover, Plaintiff's loan was executed in November 2006, but Plaintiff did not file the instant action until February 2010. Plaintiff's RESPA claim is therefore untimely and must be dismissed unless Plaintiff can plead a basis for tolling the statute of limitations. "Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." *See Santa Maria v. Pac. Bell,* 202 F.3d 1170, 1178 (9th Cir. 2000). Here, in her SAC, Plaintiff has not alleged any facts that would support the inference that equitable tolling is appropriate. In fact,

10

Plaintiff's allegation that there was a "litany of errors" from inception of the $1.6 million loan in November 2006, errors that would lead a diligent consumer to at least some investigation or questioning, belie any inference of equitable tolling. Plaintiff's latest allegation, stated for the first time in her opposition to Defendants' motion to dismiss, that she did not discover "until years later" that the closing documents in her $1.6 million loan were for another transaction does not support an inference of equitable tolling. This allegation supports just the opposite inference -- that equitable tolling is not appropriate because Plaintiff was not reasonably diligent in obtaining information connected to her RESPA claim.

Although the SAC does not allege any facts suggesting that equitable tolling is appropriate, the Court will not yet dismiss her claim with prejudice given that Plaintiff is proceeding pro se and motions to dismiss on equitable tolling grounds are generally disfavored in the Ninth Circuit. *See Supermail Cargo, Inc. v. United States*, 68 F.3d at 1206. Accordingly, Plaintiff's RESPA claim is dismissed with leave to amend. In any third amended complaint, Plaintiff must allege, with specificity, what "payments" and "windfalls" she is referring to, why these alleged payments were "misleading" to Plaintiff, and why equitable tolling of the one-year statute of limitations is appropriate. Failure to do so will result in dismissal of her RESPA claim with prejudice.

### 4. The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2a

The FCRA prohibits "[a] person" from furnishing information "relating to a consumer" to a Credit Reporting Agency "if the person knows or consciously avoids knowing that the information is inaccurate." 15 U.S.C. § 1681s-2(a). But the FCRA does not provide for a right of action against a furnisher of false information. *See Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002). Rather, after receiving notice that information is disputed, the furnisher has certain duties:

> to conduct an "investigation with respect to the disputed information;" to review all relevant information provided by the CRA; to report the results of its investigation to the CRA; and if the investigation finds the information is incomplete or inaccurate to report those results "to all [nationwide] consumer reporting agencies to which the person furnished the information."

*Id*. (quoting 15 U.S.C. § 1681s-2(b)). A consumer then has a private right of action in connection with the performance of these four duties. *Id*.

11
Case No.: 10-CV-01073-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING DEFENDANTS' MOTION TO STRIKE

1    Plaintiff alleges that Defendants violated the FCRA by furnishing negative information to credit reporting agencies. *See* SAC ¶¶ 144-46.  These vague allegations are fatally short on facts.  As a preliminary matter, Plaintiff's allegation that Defendants furnished false information to credit reporting agencies is not, in itself, actionable because Section 1681s-2(a) does not provide for a private right of action.  *See Nelson*, 282 F.3d at 1059.  As to the allegations under Section 1681s-2(b), which does provide a private right of action, Plaintiff does not allege how the furnished information was in any way "inaccurate."  Moreover, Plaintiff does not allege that she disputed the information with the credit reporting agencies, that Defendants received notice of disputed information, that the information was in any way inaccurate, or that Defendants failed to review or investigate the disputed information.  *See Marks v. Green Tree Servicing*, 2010 U.S. Dist. LEXIS 119979 (N.D. Cal. Oct. 27, 2010) (dismissing FCRA claim where plaintiff failed to allege that furnished information was inaccurate).

Therefore, Plaintiff fails to state a claim upon which relief can be granted, and her FCRA claim is dismissed with leave to amend.  As with her other federal claims, in any third amended complaint, Plaintiff must identify, with specificity, what false information each Defendant provided and why that information is inaccurate.  Failure to do so will result in dismissal of Plaintiff's FCRA claim with prejudice.

**B. Preemption of Plaintiff's State Law Claims**

In addition to the federal claims asserted, Plaintiff alleges numerous state law claims that Defendants argue are preempted by the Home Owners' Loan Act ("HOLA"), 12 U.S.C. § 1461, et seq.  Federal savings associations, including federal savings banks like Defendant Wachovia Mortgage, FSB, are subject to HOLA and regulated by the Office of Thrift Supervision (OTS). 12 U.S.C. § 1464; *Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1005 (9th Cir. 2008).

OTS regulations provide guidance on determining whether a state law is preempted. Section 560.2(b) provides a nonexclusive list of the types of state laws preempted by the regulation.  This list includes "state laws purporting to impose requirements regarding . . . (9) Disclosure and advertising, including laws requiring specific statements, information, or other content to be included in credit application forms, credit solicitations, billing statements, credit

contracts, or other credit-related documents and laws requiring creditors to supply copies of credit reports to borrowers or applicants." 12 C.F.R. § 560.2(b)(9). OTS further instructs that the first step in a preemption analysis is to determine whether the state law at issue is of a type listed in paragraph (b). *Silvas*, 514 F.3d at 1005. In doing so, the court does "not look merely to the abstract nature of the cause of action allegedly preempted but rather to the functional effect upon lending operations of maintaining the cause of action." *Naulty v. GreenPoint Mortg. Funding, Inc.*, Nos. C 09-1542, C 09-1545, 2009 WL 2870620, at *4 (N.D. Cal. 2009). If an application of the state law to the activities of the federal savings bank would "impose requirements" regarding the lending activities listed in paragraph (b), then the analysis ends there; the law is preempted. *Silvas*, 514 F.3d at 1005. Paragraph (c), which lists certain state laws that are not necessarily preempted, comes into play only if the state law is not covered by paragraph (b). *Id.*

Plaintiff acknowledges that the mortgage loan at issue was with Wachovia Mortgage, FSB, thus this action is governed by HOLA. Plaintiff's fourth cause of action (breach of implied covenant of good faith), seventh cause of action (violation of California Civil Code § 1918.5 on interest rates), ninth cause of action (for mortgage fraud), tenth and thirteenth cause of action (for violation of California Business & Professions Code § 17200), eleventh cause of action (for breach of fiduciary duty), twelfth cause of action (unconscionability of mortgage loan), and fifteen cause of action (for violation of California Civil Code § 2923.6 on loan modifications) are all entirely based on Defendants' disclosures and the provision of credit-related documents with Plaintiff's original loan, and are thus preempted because they fall within the specific type of preempted state laws listed in § 560.2(b)(9). *See Appling v. Wachovia Mortg., FSB*, 2010 U.S. Dist. LEXIS 97726, *18 (N.D. Cal. Sept. 17, 2010) (dismissing state claims in connection with origination of mortgage as preempted by HOLA).

Accordingly, as leave to amend would be futile, Plaintiff's state law claims are dismissed with prejudice.

## IV. CONCLUSION

For the reasons described above, Plaintiff has failed to state a claim on any of her federal or

1  state causes of action.  Accordingly, Defendants' motion to dismiss is GRANTED IN PART WITH
2  PREJUDICE AND IN PART WITH LEAVE TO AMEND.  Specifically, Plaintiff is granted leave
3  to amend her TILA damages claim (Count #5), HOEPA claim (Count #13), RESPA claim (Count
4  #6), and FCRA claim (Count #14) within thirty (30) days of the date this Order is filed.  Failure to
5  timely amend her complaint will result in dismissal of Plaintiff's claims with prejudice.  All other
6  federal and state claims (Counts #1-4, 7-12, and 15), are dismissed with prejudice.  Defendants'
7  motion to strike is DENIED AS MOOT.

**IT IS SO ORDERED.**

Dated: January 3, 2011

_____
LUCY H. KOH
United States District Judge