UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| LAURA GENS, | ) | Case No.: 10-CV-01073-LHK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING DEFENDANTS' |
| v. | ) | MOTION TO DISMISS WITH |
| | ) | PREJUDICE AND DENYING |
| WACHOVIA MORTGAGE CORP., et al., | ) | DEFENDANTS' MOTION TO STRIKE |
| | ) | AS MOOT |
| Defendants. | ) | |
| | ) | |

On January 3, 2011, the Court granted Defendants' motion to dismiss the Second Amended Complaint (SAC) in part with prejudice and in part with leave to amend.  *See* January 3, 2011 Order Granting Defendants' Motion to Dismiss ("January 3, 2011 Order"), Dkt. #64.  Plaintiff Laura Gens, proceeding *pro se*, filed a timely Third Amended Complaint ("TAC").  *See* Dkt. #65. In the TAC, Plaintiff reasserts various federal claims in connection with the default and foreclosure proceedings on property located at 4141 Old Trace Road, Palo Alto, California.  Defendants are Wachovia Mortgage Corporation; Cal-Western Reconveyance Corporation; World Savings Bank, FSB; Wachovia Mortgage, FSB; Golden West Savings Association Co; and Financial Title Company (collectively "Defendants").  Presently before the Court are two motions: Defendants' Motion to Dismiss [dkt. #66] and Motion to Strike [dkt. #67] Plaintiff's TAC.  Pursuant to Civil Local Rule 7-1(b), the Court deems Defendants' motions appropriate for resolution without oral argument, and vacates the May 12, 2011 motion hearing.  For the reasons discussed below,

Case No.: 10-CV-01073-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE AND DENYING
DEFENDANTS' MOTION TO STRIKE AS MOOT

Defendants' Motion to Dismiss is GRANTED WITH PREJUDICE.  Defendants' motion to strike is DENIED AS MOOT.

## I.   BACKGROUND

### A.  Procedural History

Plaintiff filed the instant action in Santa Clara County Superior Court on February 26, 2010. Defendants removed the action to federal court on March 12, 2010.  On March 18, 2010, Plaintiff filed an ex parte application for a temporary restraining order to prevent a Trustee's Sale on the Property scheduled for March 22, 2010.  The Honorable Jeremy Fogel granted Plaintiff's application for a temporary restraining order on March 19, 2010.  *See* Dkt. #18.  Plaintiff then filed the SAC on March 25, 2010.  After an unsuccessful settlement conference in April 2010, Judge Fogel denied a preliminary injunction on the ground that Plaintiff did not establish a likelihood of success on the merits on any of the claims in her First Amended Complaint.  *See* May 12, 2010 Order by Judge Jeremy Fogel Denying Prelim. Inj. [dkt. #46] ("May 12, 2010 Order").  The May 12, 2010 Order was based upon Plaintiff's First Amended Complaint, but also noted that the "new facts alleged by Plaintiff in the SAC would not alter the determination of the instant motion."  *See id*. at 3.  On May 21, 2010, Plaintiff filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Northern District of California (Case No. 10-55305).  The bankruptcy code provides for an automatic stay of any judicial or administrative proceeding against a debtor, but Judge Fogel ruled that the automatic stay provision did not apply to this action because this case involves "a claim by, not against, the debtor."  *See* June 7, 2010 Order by Judge Jeremy Fogel Re: Wachovia's Application for Instructions [dkt. #48].  This case was reassigned to this Court on August 2, 2010.

As noted above, in the January 3, 2011 Order, this Court granted Defendants' motion to dismiss in part with prejudice and in part with leave to amend.  The Court identified serious deficiencies in Plaintiff's SAC, but allowed Plaintiff an additional opportunity to allege facts sufficient to state a claim with respect to certain federal claims.  However, the Court expressly

Case No.: 10-CV-01073-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE AND DENYING
DEFENDANTS' MOTION TO STRIKE AS MOOT

United States District Court
For the Northern District of California

1   warned Plaintiff that failure to remedy the serious deficiencies in her complaint would result in

2   dismissal of her remaining claims with prejudice.

3        Now before the Court are Defendants' motions to dismiss the TAC and to strike portions of

4   the TAC.  Plaintiff has filed an opposition to both motions, and Defendants have filed a reply.

5        **B.  Factual Allegations in Plaintiff's TAC**

6        The May 12, 2010 Order and the January 3, 2011 Order set forth the factual background

7   surrounding Plaintiff's loan and eventual default.  Because most of that factual background has not

8   changed, the Court will only highlight the facts necessary to the determination of the instant

9   motions.

10       On November 17, 2006, Plaintiff obtained a $1.62 million adjustable rate mortgage (ARM)

11  loan from Defendant World Savings Bank.  TAC ¶ 10.  The loan was secured by a Deed of Trust

12  against the property at 4141 Old Trace Road, Palo Alto, California (the "Property").  According to

13  Plaintiff, the new $1.62 million loan paid off a prior loan she had from Washington Mutual for

14  $1.56 million.  *Id.*  Plaintiff alleges that the $1.62 million was made "without proper due diligence"

15  and without verification of the borrower's income, thus creating an "illegal loan."  *Id.* at ¶ 18.

16       Plaintiff further alleges, as she did in her opposition the motion to dismiss the SAC but not

17  in the SAC itself, that although she signed closing documents for the loan, Defendants gave her a

18  packet of closing documents for "another transaction, not hers."  *Id.* at ¶ 12.  However, Plaintiff

19  continues, "This fact was not discovered for some time.  There was no need to review the

20  documents contained in the Financial Title packet until the latter half of 2009 when Wachovia /

21  Wells Fargo set in motion a non-judicial foreclosure sale and sheriff's sale under yet a new

22  business name."  *Id.*

23       Plaintiff also alleges a "litany of errors" in servicing the loan, including errors in calculating

24  monthly payments and other clerical errors.  *Id.* at ¶ 17.  Plaintiff alleges that Defendants did not

25  provide her "with accurate material disclosures required until TILA," *Id.* at ¶ 33, and also notes

26  that "the notices given at closing [were] incomprehensible."  *Id.* at ¶ 34.  However, Defendants

27  submit with their opposition papers a Federal Truth in Lending Disclosure Statement ("TILDS")

28

Case No.: 10-CV-01073-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE AND DENYING
DEFENDANTS' MOTION TO STRIKE AS MOOT

*(left margin, vertical text)* **United States District Court**  For the Northern District of California

and Notice of Right to Cancel ("NRC"), both of which are acknowledged and signed as received

by Plaintiff as of November 2006.  *See* Defs.' Request for Judicial Notice ("RJN"), Exh. 7 (TILDS

signed by Plaintiff) and Exh. 8 (NRC signed by Plaintiff).

Plaintiff submits that Defendant Wachovia "never provided Plaintiff with notice of the

assignment of the loan from World Savings, nor a copy of the Notice of Default."  TAC ¶ 24.

However, Defendants seek judicial notice of evidence that Wachovia did not substitute as

beneficiary, but rather World Savings Bank changed its name to Wachovia effective December 31,

2007.  *See* RJN, Exh. 1 (Letter from Office of Thrift Supervision indicating name change).

In April 2008, a Notice of Default was recorded against the Property by the trustee Golden

West Savings Association Service Company.  On November 4, 2008, a Notice of Trustee's Sale

was recorded, which identified a total amount owed of approximately $1.85 million.  On

November 18, 2008, Plaintiff paid Wachovia $80,000.  TAC ¶ 25.  Plaintiff contends that this

payment to Wachovia was "to formally reinstate the loan and make modifications to the loan to

correct errors in the loan servicing."  *Id*.  Plaintiff, however, does not allege that the $80,000

payment brought the loan current.  Defendants, in connection with their motion to dismiss the

SAC, stated that the $80,000 payment was not sufficient to bring the loan current.  *See* RJN, Exh.

15 (November 19, 2008 Forbearance Plan Agreement sent by Wachovia and signed by Plaintiff)

(stating that "If, after receipt of this signed agreement and the $80,000 payment, the above

referenced loan is not brought current or paid in full on or before 12/19/2008, Wachovia Mortgage

will pursue or continue the remedies available to it as stated in your Note and Security

Instrument.").

On January 16, 2009, a substitution of trustee was recorded on the property, which

substituted Defendant Cal-Western Reconveyance Company for former trustee Golden West

Savings Association and designated Defendant Wachovia Mortgage, FSB as the new beneficiary.

On or around February 19, 2010, a second Notice of Trustee's Sale was recorded, but was

postponed until March 22, 2010, and postponed again to May 24, 2010 by Judge Fogel's granting

of Plaintiff's motion for temporary restraining order.

Case No.: 10-CV-01073-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE AND DENYING
DEFENDANTS' MOTION TO STRIKE AS MOOT

As noted in Judge Fogel's May 12, 2010 Order and the undersigned's January 3, 2011 Order, Plaintiff has refused to make monthly mortgage payments on the loan since making the partial payment of $80,000 in November 2008 and has been in bankruptcy since May 2010.

## II.  LEGAL STANDARDS

### A.  Motion to Dismiss

Dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is "proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Services, Inc.*, 606 F.3d 658, 664 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).  In considering whether the complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  However, the court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc.* (*In re Gilead Scis. Sec. Litig.*), 536 F.3d 1049, 1055 (9th Cir. 2008).  While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'"  *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S.Ct. at 1949.

If the court concludes that the complaint should be dismissed, it must then decide whether to grant leave to amend. "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

### B.  Documents Considered by the Court

A court may take judicial notice of facts that are not subject to reasonable dispute and are either: 1) generally known within the territorial jurisdiction of the trial court; or 2) capable of

Case No.: 10-CV-01073-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE AND DENYING DEFENDANTS' MOTION TO STRIKE AS MOOT

United States District Court
For the Northern District of California

1    accurate and ready determination by resort to resources whose accuracy cannot be reasonably

2    questioned.  Fed. R. Evid. 201(b).  The Court may consider, under the incorporation by reference

3    doctrine, documents that are connected to the loan transaction at issue, as to which both Plaintiffs

4    and Defendants make unopposed requests for judicial notice.  For purposes of ruling on a motion to

5    dismiss under Rule 12(b)(6), the pleadings are deemed to include "documents whose contents are

6    alleged in a complaint and whose authenticity no party questions, but which are not physically

7    attached to the pleading."  *See Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).  The Court

8    may also take judicial notice of matters of public record.  *See Lee v. City of Los Angeles*, 250 F.3d

9    668, 688 (9th Cir. 2001).

10          Here, the Court takes judicial notice of: 1) Plaintiff's November 17, 2006 ARM loan; 2) the

11   Deed of Trust dated November 16, 2006, recorded with the Santa Clara County Recorder on

12   November 28, 2006; 3) the Federal Truth in Lending Disclosure Statement ("TILDS"),

13   acknowledged and signed as received by Plaintiff as of November 2006; 4) the Notice of Right to

14   Cancel ("NRC"), also acknowledged and signed as received by Plaintiff as of November 2006; 5) a

15   November 19, 2007 OTS Letter indicating the name change of World Savings to Wachovia

16   Mortgage, FSB; 6) the April 17, 2008 Notice of Default, recorded with the Santa Clara County

17   Recorder on April 24, 2008; 7) the October 27, 2008 Notice of Trustee's Sale, recorded with the

18   Santa Clara County Recorder on November 4, 2008; and 8) the February 3, 2010 Notice of

19   Trustee's Sale, recorded with the Santa Clara County Recorder on February 19, 2010.  Plaintiff has

20   not opposed Defendants' request for judicial notice of these documents.  Moreover, all the

21   documents are either matters of public record or expressly referenced in Plaintiff's TAC.

22                                    **III.  DISCUSSION**

23          Plaintiff's SAC included sixteen causes of action for relief, most of them state-law claims.

24   The Court's January 3, 2011 Order dismissed the state law claims and the TILA rescission claim

25   with prejudice, but allowed Plaintiff leave to amend her other federal claims to establish reasonable

26   diligence and equitable tolling.  Plaintiff's TAC includes six causes of action: (1) violation of

27

28
                                                6

TILA; (2) violation of RESPA; (3) rescission;[1] (4) violation of HOEPA; (5) violation of FCRA; and (6) violation of the FDCPA.  The Court considers each cause of action in turn.

### A.  The Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*

Although the Court has already dismissed Plaintiff's rescission claim with prejudice, Plaintiff's TAC still seeks both money damages and rescission under TILA.  *See* TAC ¶¶ 31-39.  As the Court noted in the January 3, 2011 Order, "any potential right to rescission expired in November of 2009, months before Plaintiff filed suit in February 2010.  Accordingly, as leave to amend would be futile, Plaintiff's TILA rescission claim is dismissed with prejudice."  *See* January 3, 2011 Order at 8.  Thus, the Court will only consider Plaintiff's TILA damages claim.

A TILA claim for damages is subject to a one-year statute of limitations.  *See* 15 U.S.C. §1640(e).  As a general rule, the one-year period runs from the date of the consummation of the transaction at issue.  *See King v. California*, 784 F.2d 910, 915 (9th Cir. 1986).  In this case, the loan transaction occurred on November 17, 2006, but Plaintiff did not file suit until February 26, 2010, far beyond the one-year period.  However, "the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action."  *See King*, 784 F.2d at 915.  The January 3, 2011 Order allowed Plaintiff leave to amend to allege facts establishing why equitable tolling is appropriate.

Plaintiff's TAC, however, does not specify what disclosures were not made, what new information Plaintiff discovered, or provide any reason why she could not have discovered the alleged TILA violation with reasonable diligence.[2]  Plaintiff simply repeats the conclusory allegation, made for the first time in this litigation in her opposition to Defendants' motion to dismiss the SAC, that she initially received a packet of closing documents for "another transaction, not hers," and that this error was not discovered until the latter half of 2009.  As the Court noted in

---

[1] Although Plaintiff's TAC separates "rescission" as a third cause of action, the Court's January 3, 2011 Order dismissed Plaintiff's claim of rescission with prejudice.

[2] Nor did Plaintiff object to Defendants' submission of a November 2006 TILA disclosure and Notice of Right to Cancel *signed and acknowledged* by Plaintiff.

Case No.: 10-CV-01073-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE AND DENYING
DEFENDANTS' MOTION TO STRIKE AS MOOT

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

the January 3, 2011 Order, this allegation is in fact inconsistent with other allegations by Plaintiff that the disclosures provided to her were inadequate. *See, e.g.*, SAC  ¶ 83 (discussing Plaintiff's receipt of various closing documents and notices in connection with her loan). Moreover, even if the Court assumes the truth of this allegation, Plaintiff still fails to allege why she could not have discovered this error far sooner than late 2009, especially since Plaintiff alleges "a litany of errors" as soon as the loan was made in November 2006 and since the first Notice of Default was recorded in April 2008. Plaintiff provides no explanation as to why she could not or did not simply open the packet of documents prior to the onset of this litigation. In these circumstances, Plaintiff's allegations are insufficient to establish reasonable diligence and equitable tolling. *See Hubbard v. Fidelity Fed. Bank*, 91 F.3d 75, 79 (9th Cir. 1996) (dismissing TILA claim on statute of limitations ground where plaintiff did not establish reasonable diligence); *see also Rosenfeld v. JPMorgan Chase Bank, N.A.*, No. C 09-6070, 2010 WL 3155808 (N.D. Cal. 2010) (citing *Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902-03 (9th Cir. 2003)) (dismissal is appropriate where a plaintiff "fails to allege facts demonstrating that he could not have discovered the alleged violations by exercising reasonable diligence").

In her now third amended complaint, Plaintiff's allegations remain internally inconsistent, conclusory, and insufficient to state a claim. As further leave to amend would be futile, the Court dismisses Plaintiff's TILA damages cause of action with prejudice. *See Telesaurus VPC LLC v. Power*, 623 F.3d, 998, 1003 ("A district court may deny a plaintiff leave to amend if it determines that 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency,' or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies.").

**B.  The Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601**

RESPA's prohibition against kickbacks provides that "[n]o person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person." 12 U.S.C. § 2607(a). Further,

8

"[n]o person shall give and no person shall accept any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed." *Id.* at § 2607(b).  Any actions brought under Section 2607, however, must be brought within one year from the date of the alleged violation.  12 U.S.C. § 2614.

Plaintiff alleges that "Defendants violated RESPA because the payments between the Defendants were misleading and designed to create a windfall."  TAC ¶ 43.  Plaintiff also alleges that, "within the year prior to the filing of this lawsuit," Defendants purchased homeowner's insurance for the Property from an unidentified "selected carrier" in exchange for a kickback from the "selected carrier."  *Id.* at ¶ 41.  Defendants argue that Plaintiff's RESPA claim is time-barred and, in any event, legally defective.

The Court agrees with Defendants on both accounts.  Plaintiff's loan was executed in November 2006, but Plaintiff did not file the instant action until February 2010.   Plaintiff's RESPA claim is therefore untimely and must be dismissed unless Plaintiff can plead a basis for tolling the statute of limitations.  "Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim."  *See Santa Maria v. Pac. Bell,* 202 F.3d 1170, 1178 (9th Cir. 2000).  Here, in her TAC, Plaintiff has not alleged any facts that would support due diligence or the inference that equitable tolling is appropriate.  Moreover, Plaintiff's latest allegation (e.g., that Defendants, some two or three years after the closing of the loan in November 2006, bought homeowner's insurance from an unidentified "selected carrier" for a kickback) does not fall within the ambit of RESPA because the alleged fees are not connected to the "settlement" or closing of the loan.  *See* 12 U.S.C. § 2607(a); *see also Bloom v. Martin*, 77 F.3d 318, 320-21 (9th Cir. 1996) ("the structure of RESPA . . . does not focus on post-settlement fees paid by mortgagors after they have purchased their houses.").

Despite multiple opportunities to do so, Plaintiff has been unable to state a valid claim under RESPA.  Accordingly, the Court dismisses Plaintiff's RESPA claim with prejudice.  *See Telesaurus*, 623 F.3d at 1003.

9

Case No.: 10-CV-01073-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE AND DENYING
DEFENDANTS' MOTION TO STRIKE AS MOOT

**C. The Home Ownership Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639**

HOEPA requires additional disclosures for "a special class of regulated loans that are made at higher interest rates or with excessive costs and fees," triggered at 8% of the amount financed. *See* 15 U.S.C. §§ 1639(a), 1602(aa). HOEPA is not itself an independent regulatory scheme, but is rather an amendment to TILA. Claims under HOEPA are governed by the same statute of limitations as are claims under TILA: three years for claims seeking rescission and one year for claims seeking damages. 15 U.S.C. §§ 1635(f), 1640(e); 12 C.F.R. § 226.23(a)(3).

Plaintiff claims that Defendants violated HOEPA entitling her to rescission and damages. Plaintiff alleges that she was required to pay fees, expenses, and costs of more than 10% of the amount financed. TAC ¶ 52. Defendants contend that the HOEPA disclosure requirements are not applicable because Plaintiff's "Borrower Closing Statement," attached to Plaintiff's memorandum in support of her prior ex parte application for a temporary restraining order, shows that Plaintiff could, at most, have only paid 4.25% in fees, expenses, and costs of the amount financed. *See* Defs.' Mot. to Dismiss at 8-9.

It is still not clear that HOEPA even applies to Plaintiff's loan since Plaintiff does not identify what costs, fees, and expenses she paid in connection with the November 2006 loan. However, the Court need not resolve this issue. Plaintiff's loan closed in November 2006, but Plaintiff did not file suit until February 2010. For the reasons explained above in connection with Plaintiff's damages claim under TILA, any potential claim under HOEPA is time-barred. *See Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003) (a HOEPA violation occurs "at the time the loan documents were signed"). The new allegation that Plaintiff did not realize she received the wrong document until years after the loan closed in November 2006 does not suffice to establish equitable tolling.

Accordingly, Plaintiff's HOEPA claim is dismissed with prejudice.

**D. The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2a**

The FCRA prohibits "[a] person" from furnishing information "relating to a consumer" to a Credit Reporting Agency "if the person knows or consciously avoids knowing that the information

Case No.: 10-CV-01073-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE AND DENYING
DEFENDANTS' MOTION TO STRIKE AS MOOT

United States District Court
For the Northern District of California

is inaccurate." 15 U.S.C. § 1681s-2(a). But the FCRA does not provide for a right of action against a furnisher of false information. *See Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002). Rather, after receiving notice that information is disputed, the furnisher has certain duties:

> to conduct an "investigation with respect to the disputed information;" to review all relevant information provided by the CRA; to report the results of its investigation to the CRA; and if the investigation finds the information is incomplete or inaccurate to report those results "to all [nationwide] consumer reporting agencies to which the person furnished the information."

*Id.* (quoting 15 U.S.C. § 1681s-2(b)). A consumer then has a private right of action in connection with the performance of these four duties. *Id.* The Court's January 3, 2011 Order expressly laid out the necessary elements of any potential FCRA claim, and required Plaintiff to identify the factual basis for her FCRA claim in any third amended complaint. *See* January 3, 2011 Order at 11-12.

In the TAC, Plaintiff alleges that Defendants violated the FCRA by furnishing negative and false information to credit reporting agencies that her loan payments were not timely. *See* TAC ¶¶ 58-64. Plaintiff's allegations are still fatally short on facts. As a preliminary matter, Plaintiff's allegation that Defendants furnished false information to credit reporting agencies is not, in itself, actionable because Section 1681s-2(a) does not provide for a private right of action. *See Nelson*, 282 F.3d at 1059. Nor does Plaintiff identify which Defendant provided the allegedly negative and false information. Moreover, as to the necessary elements of a private right of action under Section 1681s-2(b), Plaintiff still does not allege that she disputed the information with the credit reporting agencies, that Defendants received notice of disputed information, or that Defendants failed to review or investigate the disputed information. *See Marks v. Green Tree Servicing*, 2010 U.S. Dist. LEXIS 119979 (N.D. Cal. Oct. 27, 2010) (dismissing FCRA claim where plaintiff failed to allege all the elements of a private right of action under FCRA).

As Plaintiff's TAC does not remedy the deficiencies identified in the Court's January 3, 2011 Order, and further leave to amend would be futile, the FCRA claim is dismissed with prejudice.

11

Case No.: 10-CV-01073-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE AND DENYING
DEFENDANTS' MOTION TO STRIKE AS MOOT

1

**E.  The Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.**

2      Plaintiff's sixth and final cause of action is that "Defendants have failed to respond to

3  Plaintiff's requests for validation of the debts" in violation of the FDCPA.  *See* TAC ¶¶ 65-67.

4  Under the FDCPA, after an initial communication from a consumer, a "debt collector" is required

5  to send the consumer a written notice containing certain information about the debt (e.g., amount of

6  doubt, creditor to whom the debt is owed, etc.).  *See* 15 U.S.C. § 1692g, "Validation of debts."  The

7  term "debt collector" is defined as "any person … in any business the principal purpose of which is

8  the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly,

9  debts owed or due or asserted to be owed or due another…." 15 U.S.C. § 1692a(6).  As the loan

10  was not transferred to another party (the lender simply changed its name from World Savings to

11  Wachovia), Defendants correctly argue that they are not "debt collectors" within the meaning of

12  the FDCPA because they are attempting to collect *their own debt*.  *See Zhuravlev v. BAC Home*

13  *Loans Servicing, LP*, 2010 U.S. Dist. LEXIS 73874, *5 (N.D. Cal. July 20, 2010) (a debt collector

14  does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt,

15  as long as the debt was not in default at the time it was assigned; *see also Valdez v. America's*

16  *Wholesale Lender*, 2009 U.S. Dist. LEXIS 118241, *25-26 (N.D. Cal. Dec. 18, 2009) (defendant

17  mortgage company efforts to collect its own debt does not make defendant a "debt collector" under

18  the FDCPA).

19      Because Plaintiff cannot cure the defect by amending her pleading, this claim is dismissed

20  with prejudice.  *See Telesaurus*, 623 F.3d at 1003.

21                          **IV.  CONCLUSION**

22      Despite multiple opportunities over the past fifteen months to amend her pleadings,

23  Plaintiff has been unable to state a claim on any of the causes of action in her now Third Amended

24  Complaint.  Accordingly, Defendants' motion to dismiss is GRANTED WITH PREJUDICE.

25  //

26  //

27

28

Case No.: 10-CV-01073-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE AND DENYING
DEFENDANTS' MOTION TO STRIKE AS MOOT

Defendants' motion to strike is DENIED AS MOOT.  The May 12, 2011 motion hearing is

vacated.  The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: May 10, 2011                                              *Lucy H. Koh*

_____

LUCY H. KOH

United States District Judge

Case No.: 10-CV-01073-LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE AND DENYING
DEFENDANTS' MOTION TO STRIKE AS MOOT