Robert A. Bailey (#214688)
  rbailey@afrct.com
Yaw-Jiun (Gene) Wu (#228240)
  gwu@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
  CAMPBELL & TRYTTEN LLP
199 S. Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
Tel: (626) 535-1900
Fax: (626) 577-7764

Attorneys for Defendants
WACHOVIA MORTGAGE, a division of
WELLS FARGO BANK, N.A., formerly known
as WACHOVIA MORTGAGE, FSB and World
Savings Bank, FSB, erroneously sued as
"Wachovia Mortgage Corporation", (collectively
"Wachovia") and GOLDEN WEST SAVINGS
ASSOCIATION SERVICE CO. ("Golden West")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| LAURA GENS,<br><br>            Plaintiff,<br><br>vs.<br><br>WACHOVIA MORTGAGE CORPORATION; CAL-WESTERN RECONVEYANCE CORPORATION; WORLD SAVINGS BANK, FSB; WACHOVIA MORTGAGE, FSB; GOLDEN WEST SAVINGS ASSOCIATION SERVICE CO., and DOES 1-20 inclusive,<br><br>            Defendants. | Case No. CV10-01073 LHK<br>(the Hon. Lucy H. Koh)<br><br>DEFENDANT WACHOVIA'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>---<br><br>DECLARATIONS OF MARK T. FLEWELLING AND YAW-JIUN (GENE) WU<br><br>Date: September 1, 2011<br>Time: 1:30 p.m.<br>Ctrm: 4, 5th Floor |

**TO PLAINTIFF:**

**PLEASE TAKE NOTICE THAT** on September 1, 2011 at 1:30 a.m. in Courtroom 4, 5th floor of the above-entitled court, located at 280 South 1st Street, San Jose, California 95113, the Honorable Lucy H. Koh presiding, Defendant Wachovia Mortgage, a division of WELLS FARGO BANK, N.A., formerly known as WACHOVIA MORTGAGE, FSB and World Savings

Bank, FSB, erroneously sued as "Wachovia Mortgage Corporation" (collectively "Wachovia"), will move for an award of attorneys' fees.

Grounds for the motion are: (i) Wachovia and plaintiff were parties to a contract that includes an attorneys' fees clause; (ii) Wachovia prevailed when this Court granted its motion to dismiss plaintiff's Third Amended Complaint with prejudice; (iii) plaintiff's Third Amended Complaint amounts to "bad faith," further supporting an award of attorneys' fees; (iv) Wachovia's post-petition attorneys' fees are not dischargeable by plaintiff's pending Chapter 11 bankruptcy; and (v) Wachovia's fees are reasonable.

Pursuant to Local Rule 54-5, Wachovia's undersigned counsel attempted to meet and confer with plaintiff in an attempt to resolve this fee motion. However, plaintiff did not respond to repeated requests to meet and confer. (Declaration of Yaw-Jiun (Gene) Wu, ¶ 2).

The motion is based on this notice, the memorandum of points and authorities, the supporting declarations of Yaw-Jiun (Gene) Wu as well as Mark T. Flewelling and its exhibits, the request for judicial notice and its exhibits, and on Wachovia's argument at the hearing on this motion.

Respectfully Submitted,

Dated: May 24, 2011

ANGLIN, FLEWELLING, RASMUSSEN, CAMPBELL & TRYTTEN LLP

By: /s/ Yaw-Jiun Wu
Yaw-Jiun (Gene) Wu
gwu@afrct.com
Attorneys for Defendant Wachovia Mortgage, a division of WELLS FARGO BANK, N.A., formerly known as WACHOVIA MORTGAGE, FSB and World Savings Bank, FSB, erroneously sued as "Wachovia Mortgage Corporation"

**TABLE OF CONTENTS**

**Page(s)**

1. INTRODUCTION. ........................................................................................................... 1
2. SUMMARY OF THE RELEVANT ALLEGATIONS AND JUDICIALLY NOTICEABLE FACTS. .............................................................................. 1
3. THE NOTE INCLUDES A FEE CLAUSE THAT ENCOMPASSES PLAINTIFF'S CLAIMS. ............................................................... 3
4. THE CONTRACTUAL FEE CLAUSE ENTITLES WACHOVIA TO ITS FEES FOR ITS TILA, HOEPA AND RESPA CLAIMS. ........................................................... 5
5. PLAINTIFF'S THIRD AMENDED COMPLAINT WAS FILED IN "BAD FAITH", FURTHER SUPPORTING A FEE AWARD. ................................................. 7
6. WACHOVIA'S POST-PETITION FEES ARE NOT DISCHARGEABLE BY PLAINTIFF'S PENDING BANKRUPTCY ACTION. .................................................. 8
7. WACHOVIA'S REQUESTED ATTORNEYS' FEES ARE REASONABLE. ............... 9
    a. The Hourly Rates Are Reasonable. ................................................................. 9
    b. Reasonable Hours Expended. ....................................................................... 10
8. CONCLUSION. .............................................................................................................. 11

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Blum v. Stenson*,
　465 U.S. 886 (1984) ........................................................................................................... 9

*Boeing v. Ybarra*
　424 F.3d 1018 (9th Cir. 2005) ........................................................................................... 8

*Bonner v. Redwood Mortg.*,
　2010 U.S. Dist. LEXIS 69625 (N.D. Cal. 2010) ............................................................... 6

*California v. ARC America Corp.*
　490 U.S. 93 (1989) ............................................................................................................ 5

*Chalmers v. City of Los Angeles*,
　796 F.2d 1205 (9th Cir. 1986) ........................................................................................... 9

*Davis v. City of San Francisco*,
　976 F.2d 1536 (9th Cir. 1992) ........................................................................................... 9

*Davis v. Mason County*,
　927 F.2d 1473 (9th Cir. 1991) ........................................................................................... 9

*Hefferman v. Bitton*,
　882 F.2d 379 (9th Cir. 1989) ............................................................................................. 6

*Hensley v. Eckerhart*,
　461 U.S. 424 (1983) ......................................................................................................... 10

*In re Kozak*,
　2007 Bankr. LEXIS 4548 (C.D. Cal. Bkt. 2007) ............................................................... 9

*Johnston v. Lindauer*,
　2010 U.S. Dist. LEXIS 81649 (E.D. Cal. 2010) ................................................................ 6

*Nguyen v. Wells Fargo Bank, N.A.*,
　2011 U.S. Dist. LEXIS 15318 (N.D. Cal. 2010) .......................................................... 4, 10

*Phillips v. IMS Loans, Inc.*; Wells Fargo Bank
　2010 U.S. Dist. LEXIS 107865 (E.D. Cal. 2010) ............................................................ 10

*Resolution Trust Corp. v. Midwest Fed. Sav. Bank*,
　36 F.3d 785 (9th Cir. 1993) ............................................................................................... 5

*Siegel v. Federal Home Loan Mortg. Corp.*,
　143 F.3d 525 (9th Cir. 1998) ............................................................................................. 9

*Wages v. IRS*,
    915 F.2d 1230 (9th Cir. 1990) .................................................................................................... 8

**STATE CASES**

*Abdallah v. United Savings Bank*
    43 Cal.App.4th 1101 (1996) ........................................................................................................ 4

*Mortgage Mint Corp. v. Morgan*,
    76 Ore. App. 174 (1985) ............................................................................................................. 6

*Trope v. Katz*
    11 Cal. 4th 274 (1995) ................................................................................................................ 5

*Wagner v. Benson,*
    101 Cal.App.3d 27 (1980) .......................................................................................................... 4

*Weber v. Langholz*,
    39 Cal.App.4th 1578 (1995) .................................................................................................. 5, 6

**FEDERAL STATUTES**

12 U.S.C. 2605(f)(3) .......................................................................................................................... 6

15 U.S.C. § 1640(a)(3) ................................................................................................................... 5, 6

28 U.S.C § 1927 ................................................................................................................................. 8

**STATE STATUTES**

Cal. Civ. Code § 1717 .................................................................................................................... 5, 6

Cal. Civ. P. Code § 1021 .................................................................................................................... 5

Cal. Civ. P. Code § 1033.5(a)(10) ...................................................................................................... 5

U.S. Bankruptcy Code § 362 .............................................................................................................. 8

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION.

Wachovia seeks an award of its post-petition attorneys' fees[1] incurred in the successful defense of this action. On May 12, 2011, the Court dismissed plaintiff's Third Amended Complaint with prejudice.

As detailed below, the contractual fee clause between Wachovia and plaintiff encompasses all of plaintiff's claims, including her claims for violations of TILA, HOEPA and RESPA. Accordingly, Wachovia seeks an award of its fees.

## 2. SUMMARY OF THE RELEVANT ALLEGATIONS AND JUDICIALLY NOTICEABLE FACTS.

Plaintiff obtained a $1.62 million loan (the "Loan") from World Savings Bank, FSB, on or about November 17, 2006, secured by a Deed of Trust recorded against 4141 Old Trace Road, Palo Alto, California ("Property"). (RJN Exhs. 1 (Note), 2 (Deed of Trust); TAC ¶10).

On February 26, 2010, plaintiff filed this action in the Santa Clara Superior Court, which Wachovia removed to this Court. (Dkt. # 1). Plaintiff's First and Second Amended Complaints alleged, in their first claim for declaratory relief, "that Defendants do not have the right to foreclose on the Property because Defendants' security interest in the Property has been rendered void by operation of law…" (Exh. A (FAC) to Dkt. #1, ¶ 38; Dkt. # 25 (SAC), ¶ 57). Plaintiff sought to have the Court declare "the purported power of sale contained in the loan of no force and effect…" (Exh. A (FAC) to Dkt. #1, ¶ 39; Dkt. # 25 (SAC), ¶ 59).

The declaratory relief claim in the Second Amended Complaint sought a permanent injunction (Dkt. # 25 (SAC), p. 14:17) and to have title in the Property quieted in plaintiff's name alone with a release of "all encumbrances" on the Property. (Id., ¶ 69).

Plaintiff's First and Second Amended Complaints also alleged violations of TILA, RESPA, FCRA, fraud, unconscionability, predatory lending, and violation of several California lending statutes. Rescission of the loan was likewise sought based on violations of TILA,

---

[1] Plaintiff filed a Chapter 11 bankruptcy on May 21, 2011. Only fees incurred since that date are sought by this motion. Wachovia will amend its proof of claim in the bankruptcy to seek pre-petition fees.

fraudulent concealment and on "public policy" grounds. (See generally Exh. A (FAC) to Dkt. #1; Dkt. # 25 (SAC)). Plaintiff's chief aim in this case was to rescind the Deed of Trust securing the loan, and to retain the Property free and clear of Wells Fargo's deed of trust.

On March 18, 2010, plaintiff moved ex parte for a temporary restraining order and an order to show cause why a preliminary injunction should not be issued. (Dkt. # 5). In support of her Ex Parte Application, plaintiff declared that significant improvements to the Property, such as new carpets, windows and skylights, and a re-paved driveway, had been made since 2008 and that "[T]hese improvements <u>easily</u> exceed $100,000." (Dkt. #7 (L. Gens Decl.), ¶ 3 (emphasis added)).

Despite making expensive improvements to the Property, plaintiff had not made a single mortgage payment since a partial payment of $80,000 in November of 2008 against arrearages of approximately $131,000. (Dkt. # 46, p. 8:07-10 & fn. 6).

On May 12, 2010, Judge Fogel denied plaintiff's request for a preliminary injunction, finding that there was no showing of a likelihood of prevailing on the merits. (Dkt. # 46).

On May 21, 2010, plaintiff filed a voluntary Chapter 11 bankruptcy. (RJN Exh. 3 (BK Petition in Case No. 10-55305)). In the bankruptcy proceeding, plaintiff claims, under penalty of perjury, that the Property is worth $3.4 million, while Wachovia's secured debt was $1.9 million.[2] (RJN Exh. 4 (BK Summary of Schedules and Schedules), at p. 3 of 15)). The bankruptcy is still pending and no discharge has been entered. (RJN Exh. 5 (BK Docket))

Wachovia (and Golden West) moved to dismiss the Second Amended Complaint, which was opposed by plaintiff. (Dkt. #s 49, 61). The Court held that plaintiff's state-law claims were all preempted by the Home Owners' Loan Act ("HOLA") and dismissed those claims with prejudice. (Dkt. #64, p.12:18-13:25).

The Court also dismissed with prejudice plaintiff's TILA rescission claim. (Id., p. 8:10-21) and dismissed, with 30 days leave to amend, plaintiff's TILA damages, HOEPA, RESPA, and FCRA claims. (Id., p. 14:02-04).

---

[2] Because there appears to be significant equity in the Property, at lease according to Plaintiff, Wachovia would simply add the fees awarded by the Court to the Loan, pursuant to the provisions in the Note and Deed of Trust.

However, the Court identified serious defects with plaintiff's federal claims in a detailed 14-page order, and clearly instructed plaintiff that she must specifically identify which disclosures were not made and to "explain, without resort to mere conclusory allegations," why she could not have discovered and filed her claims within the statutes of limitation. (Dkt. # 64).

With respect to plaintiff's FDCA claim, the Court identified plaintiff's deficiencies and the pleading necessary to assert a privately actionable claim. (Id., p. 11:18-12:17).

On February 2, 2011, plaintiff filed a Third Amended Complaint ("TAC" at Dkt. # 65), which did not cure any of the defects identified by the Court. On motion by Wachovia and Golden West, this pleading was dismissed with prejudice. (Dkt. # 72 (May 10, 2011 Order)).

Contrary to the Court's prior decision, the TAC re-alleged a TILA rescission claim, as well as a rescission claim based on fraudulent concealment and "public policy" grounds. (Dkt. # 65 (TAC), ¶¶ 36, 47).

As detailed below, the contractual fee clause between Wachovia and plaintiff entitles Wachovia to its attorney's fees, including fees spent on the TILA, HOEPA and RESPA claims.

### 3. THE NOTE INCLUDES A FEE CLAUSE THAT ENCOMPASSES PLAINTIFF'S CLAIMS.

The Note provides at Section 7(E):

> "Payment of Lender's Costs and Expenses: The Lender will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses may include, for example, reasonable attorneys' fees and court costs." (RJN, Exh. 1 at pg. 4.)

To "enforce this Note," the Deed of Trust provides at its paragraph 28:

> "28. Rights of the Lender If There Is A Breach of Duty.
>
> It will be called a 'Breach of Duty' if (i) I do not pay the full amount of each monthly payment on the date it is due or (ii) I fail to perform any of my promises or agreements under the Note or this Security Agreement…."
>
> If there is a Breach of Duty by me, lender may take action to have the Property sold under any applicable law…" (RJN Exh. 2)

When plaintiff failed to pay "the full amount of each monthly payment," Wachovia took steps to initiate a sale of the Property pursuant to paragraph 28 of the Deed of Trust. That effort

prompted plaintiff's lawsuit, where she sought to stop Wachovia from 'enforcing the Note.'  For example, plaintiff:

    a.    contended "that Defendants do not have the right to foreclose on the Property because Defendants' security interest in the Property has been rendered void by operation of law…" (Exh. A (FAC) to Dkt. #1, ¶ 38; Dkt. # 25 (SAC), ¶ 57);

    b.    sought to have the Court declare "the purported power of sale contained in the loan of no force and effect…"  (Exh. A (FAC) to Dkt. #1, ¶ 39; Dkt. # 25 (SAC), ¶ 59);

    c.    moved ex parte for a temporary restraining order and a preliminary injunction enjoining foreclosure.  (Dkt # 5 (Ex Parte Application)).

    d.    sought a "permanent injunction" to enjoin foreclosure .  (Dkt. # 25 (SAC), p. 14:17);

    e.    sought to have title in the Property quieted in plaintiff's name alone and for the release of "all encumbrances" on the Property.  (Id., ¶ 69);

    f.    sought rescission as a remedy for alleged violations of TILA and for rescission based on TILA, fraudulent concealment and "public policy" grounds.  (Dkt. #65 (TAC), ¶¶ 36, 47).

Since plaintiff responded to Wachovia's enforcement of its Note by filing this action to halt the enforcement, permanently enjoin the foreclosure sale, cancel the Deed of Trust, and quiet title, the defense of this case falls squarely within the clause allowing fees in "enforcing the Note."  *Nguyen v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 15318, *4-5 (N.D. Cal. 2010) (M.J. Laporte)(awarding attorneys' fees with identical fee clause).

There is a second reason why fees are recoverable under the Note.  A fee clause similar to the fee clause here entitled a bank "to fees incurred in defending itself against 'interrelated' allegations of fraud." *Abdallah v. United Savings Bank* 43 Cal.App.4th 1101, 1111 (1996), citing *Wagner v. Benson*, 101 Cal.App.3d 27, 37 (1980).  Notably, the fees in *Abdallah* were also for successfully defending a borrower's lawsuit.

There is no shortage of "allegations of fraud" in plaintiff's complaints, as fraud was a claim for relief in both the First and Second Amended Complaints and plaintiff sought rescission

for "fraudulent concealment" in all three complaints. Plaintiff's "interrelated" fraud allegations therefore entitle Wachovia to recover its fees.

## 4. THE CONTRACTUAL FEE CLAUSE ENTITLES WACHOVIA TO ITS FEES FOR ITS TILA, HOEPA AND RESPA CLAIMS.

State law governs the interpretation of fee clauses in a contract. *Resolution Trust Corp. v. Midwest Fed. Sav. Bank*, 36 F.3d 785, 800 (9th Cir. 1993) (applying California law to interpret contract with fee-shifting provision).

A trio of state statutes supports Wachovia's right to recover fees under the fee clause in the Note. CCP §1033.5(a)(10) provides that attorneys' fees are allowed as costs when authorized by contract. CCP §1021 provides that unless attorneys' fees are governed by statute, compensation of attorneys is left to the parties' agreement. Civil Code §1717 authorizes reasonable fees allowed by contract to a prevailing party.

The California Court of Appeals, in *Weber v. Langholz*, 39 Cal.App.4th 1578, 1586 (1995), awarded attorneys' fees to the lender for a successful defense of TILA based on a contractual fee clause. It noted that while TILA authorizes borrowers to recover attorneys' fees from lenders (at 15 USC § 1640(a)(3)), it <u>does not prohibit lenders from recovering attorneys' fees</u> from borrowers, leaving that available through either contract or individual state law:

> Congress could have decided to make no provision whatsoever for attorney fees in the Act, leaving both parties to bear their own attorney fees in accordance with the normal "American rule." (See, e.g., *Trope v. Katz* (1995) 11 Cal. 4th 274, 278 [45 Cal. Rptr. 2d 241, 902 P.2d 259].) Congress decided to provide only for successful borrowers and not for successful lenders. But to paraphrase *California v. ARC America Corp*. (1989) 490 U.S. 93, 103 [104 L. Ed. 2d 86, 95-96, 109 S. Ct. 1661], it is one thing to say that Congress defined what sort of recovery consumers could obtain under the Act; it is altogether different and inappropriate to say that Congress thereby intended to prohibit the parties from agreeing by contract, or the states from enforcing their own independent statutes, that a prevailing defendant be entitled to attorney fees. <u>If Congress intended to prohibit borrowers from agreeing in a promissory note to pay the lender's attorney fees in the event of unsuccessful suit under the Act, it could have done so expressly by prohibiting such a term in a lending agreement. Congress did not do so.</u> Civil Code section 1717 is a broad law applying to all contractual agreements containing provisions for attorney fees. A congressional intent to preempt such a state law is not to be presumed by mere implication but must clearly appear. (*California v. ARC America Corp., supra*, 490 U.S. at pp. 100-101 [104 L. Ed. 2d at pp. 93-94].)

*Weber*, 39 Cal.App.4th at 1585-86 (emphases added).

In *Bonner v. Redwood Mortg.*, 2010 U.S. Dist. LEXIS 69625 (N.D. Cal. 2010), a case with many of the same claims as this case, Judge Alsup followed *Weber* and held:

> HOEPA is a section of TILA, and thus remedies for both are governed by TILA, *15 U.S.C. 1640(a)(3)*. No provision under TILA grants attorney's fees to prevailing lenders. Defendants are therefore not entitled to attorney's fees under TILA. …
> [¶] Defendants do not seek relief under TILA, however, but rather under the <u>parties' contractual agreement</u> (Br. 10). Recovery of defendants' attorney's fees under the contract is not prohibited by TILA in the absence of clear congressional intent to preempt. *Weber v. Langholz, 39 Cal. App. 4th 1578, 1586, 46 Cal. Rptr. 2d 677 (1995)*. <u>California Code of Civil Procedure § 1717</u> thus applies here. <u>Plaintiff's TILA and HOEPA claims are 'on the contract' for the purposes of Section 1717</u> because they involve the contract, and the broad attorney's fees provisions in the parties' contract cover defendants' defense against these claims. Applying the same reasoning outlined in the state claim analysis above, defendants are entitled to attorney's fees under the HOEPA and TILA claims.
> * * *
> [¶] Similar to TILA, RESPA does not entitle prevailing lenders to attorney's fees. *12 U.S.C. 2605(f)(3)*. Applying the analysis used for TILA and HOEPA above, *Section 1717* applies. <u>Defendants are entitled to their attorney's fees under the RESPA claim</u>.

*Id.*, at *9-10 (emphases added).

In *Johnston v. Lindauer*, 2010 U.S. Dist. LEXIS 81649, * 12 (E.D. Cal. 2010), the Court also followed Weber and awarded fees for a successful defense of TILA and HOEPA.

Finally, in *Mortgage Mint Corp. v. Morgan*, 76 Ore. App. 174, 179 (1985), the Oregon Court of Appeals awarded the lender its fees incurred to successfully defeat the borrower's TILA counterclaim asserted in a judicial foreclosure action. *Mortgage Mint*, similar to Weber, held that TILA did not prohibit the parties from agreeing, through contract, for the borrower to be liable for fees, including TILA-related fees. *Id.*, at 178.

In *Hefferman v. Bitton*, 882 F.2d 379 (9th Cir. 1989), the Ninth Circuit declined to award the lender its fees due to the restrictive nature of the fee clause there (requiring an "action be instituted on this note" and the lender had not sued on the note); notably it did <u>not</u> hold that a sufficiently broad fee clause encompassing TILA to be unenforceable. *Id.*, at 384.

Accordingly, Wachovia is entitled to its post-petition litigation fees, including those incurred to defend the TILA, HOEPA and RESPA claims. (Dkt. # 72, p. 10:04-05 (HOEPA is part of TILA)).

/ / /

## 5. PLAINTIFF'S THIRD AMENDED COMPLAINT WAS FILED IN "BAD FAITH", FURTHER SUPPORTING A FEE AWARD.

On January 3, 2011, this Court issued a detailed order setting forth the reasons why plaintiff's Second Amended Complaint failed to state a claim as to her TILA, HOEPA, RESPA, FCRA claims and gave plaintiff 30 days leave to amend. (Dkt. # 64). Specifically addressing plaintiff's allegations of equitable tolling, the Court deemed them "incredible" and "call[ed] for <u>some very good explanation</u> as to why Plaintiff could not or did not simply open the packet of documents prior to the onset of this litigation." (Dkt. # 64, p.7:15-16 (emphasis added).

The Court then instructed plaintiff that to cure the defects in the TILA, HOEPA and RESPA claims, in addition to pleading facts to show equitable tolling, she must: 1) identify which specific TILA disclosure was not made; 2) why HOEPA applies to her Loan and which required disclosure was not made; and, 3) specify the "windfall payments" in violation of RESPA, and why they are misleading. (Id., p. 8:05-06; 10:02-03; 11:14-15).

The Court also identified the elements and pleading required for a privately actionable FCRA claim. (Id., p. 11:17-12:17).

Plaintiff's Third Amended Complaint was not only glaringly defective, it cured none of the defects identified by the Court in its January, 2011 order. To start, plaintiff re-asserted her TILA rescission and rescission claims – which had already been dismissed with prejudice by the Court. (Dkt. # 72, p. 7:04-09).

With respect to the key equitable tolling issue, the Court held that "plaintiff simply repeats the conclusory allegations" made in opposition to the motion to dismiss the SAC and that the TAC "provides no explanation as to why she could not or did not simply open the packet of documents prior to the onset of this litigation." (Id., p. 8:07-08).

The TAC also did not cure any of the defects identified by the Court. (Id., p. 7:19 ("Plaintiff's TAC, however, does not specify what disclosures were not made."); p. 10:15-16 ("It is <u>still</u> not clear that HOEPA even applies to plaintiff's loan …")(emphasis added)); p. 11:24-25 ("As plaintiff's TAC does not remedy the deficiencies identified in the Court's January 3, 2011 Order, …, the FCRA claim is dismissed with prejudice.").

28 U.S.C § 1927 (emphases added) provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof <u>who so multiplies the proceedings in any case unreasonably</u> and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and <u>attorneys' fees reasonably incurred</u> because of such conduct.

In *Wages v. IRS*, 915 F.2d 1230, 1235-1236 (9th Cir. 1990), the Ninth Circuit held

> Section 1927 sanctions require a bad faith showing. By attempting to file <u>an amended complaint that did not materially differ from one which the district court had already concluded did not state a claim</u>, and by continually moving for alterations in the district court's original judgment despite that court's clear unwillingness to change its mind, Wages evidenced <u>bad faith</u> in multiplying the proceedings in this case "unreasonably and vexatiously," see 28 U.S.C. § 1927. Section 1927 sanctions may be imposed upon a <u>pro se plaintiff</u>…

(emphases added)(internal case quotation and citations omitted).

Here, plaintiff's TAC was re-submitted without any "material" change to cure the defects previously identified by the Court this further supports an award of Wachovia's attorneys' fees, at least in connection with disposing of the Third Amended Complaint.

### 6. **WACHOVIA'S POST-PETITION FEES ARE NOT DISCHARGEABLE BY PLAINTIFF'S PENDING BANKRUPTCY ACTION.**

Plaintiff filed a Chapter 11 bankruptcy on May 21, 2010. (RJN Exh. 3). The bankruptcy is still pending and no discharge, which would only apply to pre-petition unsecured claims in any event, has been entered. (*See* RJN Exh. 5 (BK Docket)).

Wachovia's fees incurred after the filing of the bankruptcy petition are neither stayed by section 362 of the Bankruptcy Code nor dischargeable. *Boeing v. Ybarra* 424 F.3d 1018 (9th Cir. 2005) is on point. There, the Ninth Circuit Court of Appeals reversed a divided Ninth Circuit Bankruptcy Appellate Panel and awarded post-petition attorneys' fees. It held: "by voluntarily continuing to pursue litigation post-petition that had been initiated pre-petition, a debtor may be held personally liable for attorney fees and costs that result from that litigation." *Id.*, at 1024.

Here, while the action was initiated pre-petition, plaintiff continued to pursue it post-petition by opposing the motion to dismiss the Second Amended Complaint, and, as detailed above, by filing a frivolous Third Amended Complaint.

1       *Siegel v. Federal Home Loan Mortg. Corp.*, 143 F.3d 525, 533 (9th Cir. 1998) involved a plaintiff who, just prior to the discharge in his bankruptcy, sued his lender in state court for breach of duties under the deeds of trust. The lender removed the case to federal court, which granted the summary judgment motion and then awarded it fees pursuant to a fee clause in the deed of trust. Plaintiff argued that his discharge order included the fees. The Court held that any discharge only absolved plaintiff of pre-petition liability, and commented: "[plaintiff's] decision to pursue a whole new course of litigation made him subject to the strictures of the attorney's fee provision. In other words, while his bankruptcy did protect him from the results of his past acts [meaning prepetition]… it did not give him carte blanche to go out and commence new litigation about the contract without consequences." *Id*. at 534.

      Following *Boeing* and *Sigel*, the Bankruptcy Court in *In re Kozak*, 2007 Bankr. LEXIS 4548, *20-22 (C.D. Cal. Bkt. 2007) refused to discharge attorneys' fees incurred post-petition, where the debtor actively opposed summary judgment on a pre-petition counter-claim.

### 7. WACHOVIA'S REQUESTED ATTORNEYS' FEES ARE REASONABLE.

The hourly rates and time spent on this matter, as detailed below, are reasonable.

    a. <u>The Hourly Rates Are Reasonable.</u>

To determine what rate is "reasonable," courts look at "prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984); *Davis v. City of San Francisco*, 976 F.2d 1536, 1545 (9th Cir. 1992) (a reasonable hourly rate should be determined "by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similarly complexity).

Determination of a reasonable hourly rate is not made merely by reference to rates actually charged by the prevailing party. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986). Rather, the rate assessed is based on the prevailing rate in the relevant community for similar work. *Id*. at 1211; *Blum*, 465 U.S. at 895 n. 11. Generally the relevant community is the forum in which the district court sits. *Davis v. Mason County*, 927 F.2d 1473, 1488 (9th Cir. 1991).

/ / /

This Court also requires "(a) brief description of relevant qualifications and experience and a statement of the customary hourly charges of each such person or of comparable prevailing hourly rates or other indication of the value of the services." (Local Rule 54-5(b)(3).)

The hourly rates are well within range of comparable prevailing rates. *See e.g*, *Phillips v. IMS Loans, Inc.*, 2010 Lexis 107865, * 7 (E.D. Cal. 2010)(billing rates of $320 for Mark Flewelling, $300 for Fred Hickman with 24 years of experience, and $250 for Jeremy Shulman with 8 years of experience "reflect prevailing rates for similar work in the relevant legal community of Sacramento in the Eastern District of California.") Likewise, the rates charged in this case, ($300 for Mark T. Flewelling and $250 for Gene Wu up to December 31, 2010), "reflect prevailing rates for similar work in the relevant legal community" of the Northern District of California. *Nguyen*, *supra*, at * 14 (rates for Mark Flewelling and Gene Wu reasonable; $19,302.50 awarded). The rates were increased to $350 and $275, respectively, on January 1, 2011. (Flewelling decl. ¶ 2).

b. <u>Reasonable Hours Expended.</u>

To determine the reasonable hours expended, the party seeking attorneys' fees bears the burden of submitting detailed time records which justify the hours spent working on the claims. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (District Court should exclude hours not "reasonably expended").

This Court requires:

"(a) statement of the services rendered by each person for whose services fees are claimed together with a summary of the time spent by each person and a statement describing the means in which time records were maintained." (Local Rule 54-5(b)(2)).

Attached to the Flewelling declaration are billing statements that quantify and describe the time for the post-petition litigation work and that comply with the Court's Local Rule. That work included:

a. Reviewing and analyzing plaintiff's Second Amended Complaint;
b. Researching the arguments for and preparing the motion to dismiss and motion to strike the Second Amended Complaint;

| | |
|---|---|
| 1 | c. Reviewing and analyzing plaintiff's Third Amended Complaint; |
| 2 | d. Researching the arguments for and preparing the motion to dismiss and motion to |
| 3 | strike the Third Amended Complaint; |
| 4 | e. Reviewing and analyzing plaintiff's oppositions to the motions to dismiss; |
| 5 | f. Preparing the reply supporting the motions to dismiss. |

The attached declaration and billing records describe the services provided and the qualifications of the lawyers providing those services.

### 8. CONCLUSION.

For the foregoing reasons, Wachovia requests an award of $17,986.00 in attorneys' fees against plaintiff Laura Gens.

Dated: May 24, 2011

Respectfully Submitted,
ANGLIN, FLEWELLING, RASMUSSEN,
CAMPBELL & TRYTTEN LLP

By: */s/ Yaw-Jiun Wu*
Yaw-Jiun (Gene) Wu
gwu@afrct.com
Attorneys for Defendant Wachovia Mortgage, FSB, a division of WELLS FARGO BANK, N.A., formerly known as WACHOVIA MORTGAGE, FSB and World Savings Bank, FSB (erroneously sued as "Wachovia Mortgage Corporation").

# **CERTIFICATE OF SERVICE**

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the city of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California 91101-2459.

On May 24, 2011, I served a copy of the following document described as: on all interested parties in said case addressed as follows:

**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES**

*Served Electronically Via Court's CM/ECF System:*

| *Attorneys for Defendant* | *Plaintiff Pro Se* |
|---|---|
| CAL-WESTERN RECONVEYANCE CORPORATION | Laura Gens |
| | 4141 Old Trace Road |
| Robin Prema Wright, Esq. | Palo Alto, California 94306 |
| Nicole K. Neff, Esq. | gens@ix.netcom.com |
| WRIGHT, FINLAY & ZAK, LLP | *Tel: 650.949.4880 \| Fax: 650.949.4889* |
| 4665 MacArthur Court, Suite 280 | |
| Newport Beach, CA 92660 | |
| Tel (949) 477-5050 \| Fax (949) 477-9200 | |
| rwright@wrightlegal.net | |
| ggrant@wrightlegal.net | |
| nneff@wrightlegal.net | |
| sbennett@wrightlegal.net | |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. This declaration is executed in Pasadena, California, on **May 24, 2011.**

| Wendy Mutum | */s/ Wendy Mutum* |
|---|---|
| *(Print Name)* | *(Signature of Declarant)* |