UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LAURA GENS,<br><br>    Plaintiff,<br>    v.<br><br>WACHOVIA MORTGAGE CORP., et al.,<br><br>    Defendants. | Case No.: 10-CV-01073-LHK<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR ATTORNEY FEES<br><br>(re: dkt. #73) |

In an Order dated May 10, 2011, the Court granted Defendants' motion to dismiss Plaintiff's third amended complaint with prejudice and directed the Clerk to close the file. *See* May 10, 2011 Order [dkt. #72]. On May 24, 2011, Defendants Wachovia Mortgage, FSB and World Savings Bank filed a motion for a $17,986 award of attorney's fees. *See* Dkt. #73. The Court deems Defendants' fee motion appropriate for resolution without oral argument, and vacates the September 1, 2011 motion hearing. For the reasons explained below, Defendants' motion is GRANTED IN PART AND DENIED IN PART.

**I.   BACKGROUND**

This action arises from a $1.62 million adjustable rate mortgage (ARM) home loan made to *pro se* Plaintiff Laura Gens by World Savings Bank on November 17, 2006. *See* May 10, 2011 Order at 3. The loan was secured by a Deed of Trust against the property at 4141 Old Trace Road, Palo Alto, California (the "Property"). According to Plaintiff, the $1.62 million loan paid off a prior loan she had from Washington Mutual for $1.56 million on the Property. In April 2008, a

1

1   Notice of Default was recorded against the Property by the trustee Golden West Savings
2   Association Service Company.  On November 4, 2008, a Notice of Trustee's Sale was recorded,
3   which identified a total amount owed of approximately $1.85 million.  As noted throughout this
4   litigation, Plaintiff has refused to make monthly mortgage payments on the loan since 2008.

5   Instead, Plaintiff filed the instant action in Santa Clara County Superior Court on February
6   26, 2010, asserting claims revolving around alleged errors in the servicing of her loan and alleged
7   defects in the foreclosure process.  Defendants removed the action to federal court on March 12,
8   2010.  On March 18, 2010, Plaintiff filed an ex parte application for a temporary restraining order
9   to prevent a Trustee's Sale on the Property scheduled for March 22, 2010.  The Honorable Jeremy
10  Fogel granted Plaintiff's application for a temporary restraining order on March 19, 2010.  *See* Dkt.
11  #18.  After an unsuccessful settlement conference in April 2010, Judge Fogel denied a preliminary
12  injunction on the ground that Plaintiff did not establish a likelihood of success on the merits on any
13  of the claims in her First Amended Complaint.  *See* May 12, 2010 Order by Judge Fogel Denying
14  Prelim. Inj. [dkt. #46] ("May 12, 2010 Order").  The May 12, 2010 Order was based upon
15  Plaintiff's First Amended Complaint, but also noted that the "new facts alleged by Plaintiff in the
16  SAC would not alter the determination of the instant motion."  *See id*. at 3.

17  On May 21, 2010, Plaintiff filed for Chapter 11 bankruptcy in the United States Bankruptcy
18  Court for the Northern District of California (Case No. 10-55305).  The bankruptcy code provides
19  for an automatic stay of any judicial or administrative proceeding against a debtor, but Judge Fogel
20  ruled that the automatic stay provision did not apply to this action because this case involves "a
21  claim by, not against, the debtor."  *See* June 7, 2010 Order by Judge Fogel Re: Wachovia's
22  Application for Instructions [dkt. #48].  In a June 4, 2010 filing in the bankruptcy proceeding,
23  Plaintiff listed the Property as an asset valued at $3.9 million.  *See* RJN, Exh. 4 at 1.  Plaintiff also
24  listed a residential house in Lake Geneva, Wisconsin, which she valued at $500,000.  *Id*. at 3.

25  This case was reassigned to this Court on August 2, 2010.  Since reassignment, this Court
26  has issued two substantive opinions on Plaintiff's claims.  In the first, dated January 3, 2011, the
27  Court exhaustively analyzed the fifteen federal and state claims in Plaintiff's then-Second
28  Amended Complaint.  *See* January 3, 2011 Order Granting Defendants' Motion to Dismiss In Part

with Prejudice and In Part with Leave to Amend, and Denying Defendants' Motion to Strike as Moot ("January 3, 2011 Order"). The Court's January 3, 2011 Order dismissed Plaintiff's state law claims based on preemption under the Home Owners' Loan Act ("HOLA"), 12 U.S.C. § 1461, et seq. *See* January 3, 2011 Order at 12. The January 3, 2011 Order dismissed Plaintiff's federal claims, aside from a time-barred rescission claim under the Truth in Lending Act ("TILA"), 15 U.S.C. §1601 *et seq.*, with leave to amend. In the second opinion, the May 10, 2011 Order, the Court dismissed Plaintiff's Third Amended Complaint with prejudice.

Defendants now move for an award of post-petition attorney fees incurred in the successful defense of this action. Defendants do not seek an award for attorney fees incurred prior to Plaintiff's filing for bankruptcy on May 21, 2010. Plaintiff has filed a three-page opposition, contending that: (1) Defendants did not meet and confer prior to filing their motion; (2) Plaintiff's actions were in good faith; and (3) Defendants' motion is defective for lack of specificity and the "California Code of Civil Procedure strictly limits attorney's fees in foreclosure actions."

In support of their fees motion, Defendants filed a Request for Judicial Notice ("RJN") of: (1) the November 17, 2006 ARM Note; (2) the November 17, 2006 Deed of Trust; (3) Plaintiff's Bankruptcy Petition filed on May 21, 2010 with the U.S. Bankruptcy Court, Northern District of California (San Jose), Case No. 10-55305; (4) Summary of Schedules filed on June 4, 2010 by Plaintiff in Bankruptcy Case No. 10-55305; and (5) Docket Sheet for Bankruptcy Case No. 10-55305. The Court may consider, under the incorporation by reference doctrine, documents that are connected to the loan transaction at issue and may also take judicial notice of matters of public record. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Plaintiff having voiced no objection, the Court takes judicial notice of these documents.

## II. ANALYSIS

### A. A Fees Award is appropriate in these circumstances.

As a preliminary matter, the Court rejects Plaintiff's argument for denying the fees motion on the ground that Defendants failed to meet and confer. Although Plaintiff is correct that Civil Local Rule 54-5 requires counsel for the parties to meet and confer prior to filing a motion for award of attorney's fees, the Court finds no violation of Rule 54-5. Plaintiff's own declaration

identifies e-mail communications between Plaintiff and counsel for Defendants, Mr. Gene Wu, showing that Mr. Wu notified Plaintiff of Defendants' intent to bring a fees motion and showing Mr. Wu's repeated requests to meet and confer. *See* Laura Gens Decl., Exh. 1. Plaintiff's own failure to respond does not provide grounds for denial of Defendants' motion. Moreover, the Court has granted Plaintiff numerous extensions to file her opposition in an effort to give Plaintiff a more than adequate opportunity to respond or resolve the motion without further litigation.

Defendants points to two provisions in the loan documents at issue to justify their request for fees. Specifically, the ARM Note signed by Plaintiff provides:

> **7(E) Payment of Lender's Costs and Expenses**
>
> The Lender will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses may include, for example, reasonable attorneys' fees and court costs.

RJN, Exh. 1 at 4. Additionally, to enforce the Note, the Deed of Trust signed by Plaintiff provides:

> **28. Rights of the Lender if there is a Breach of Duty**
>
> It will be called a 'Breach of Duty' if (I) do not pay the full amount of each monthly payment on the date it is due or (ii) I fail to perform any of my promises or agreements under the Note or this Security Agreement . . . If there is a Breach of Duty by me, lender may take action to have the Property sold under any applicable law . . .

RJN, Exh. 2 at ¶ 28.

Defendants contend that, when Plaintiff failed to pay the amount due each month, they took steps to initiate a foreclosure sale of the property pursuant to Paragraph 28 of the Deed of Trust. Plaintiff then filed the instant lawsuit to prevent Defendants from enforcing the Note by enjoining the foreclosure sale, seeking to rescind the Note and cancel the Deed of Trust, and seeking to quiet title in Plaintiff's name alone. Thus, Defendants contend that Plaintiff's entire lawsuit and the resulting fees fall squarely within the contractual clause, Section 7(E) of the ARM, allowing fees in any action to "enforce the Note." In support of its motion, Defendants have submitted the declaration of attorney Mark T. Flewelling attesting to post-petition fees of $17,986. Defendants have also submitted time records for Mr. Flewelling, a Partner with the law firm Anglin, Flewelling, Rasmussen, Campbell Trytten, and for Mr. Yaw-Jiun ("Gene") Wu, an associate of the same firm, both of whom worked on this matter. Together these documents detail the number of

hours billed, the nature of the services rendered, and the hourly rate and qualifications of the two attorneys for whom fees are sought.

California law governs Defendants' right to recover attorney's fees pursuant to an underlying contract. *See Berkla v. Corel Corp.*, 302 F.3d 909, 919 n.11 (9th Cir. 2002). California Civil Code § 1717 provides:

> (a) In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.
>
> . . .
>
> Reasonable attorney's fees shall be fixed by the court, and shall be an element of the costs of suit.
>
> . . .
>
> (b)(1) The court, upon notice and motion by a party, shall determine who is the party prevailing on the contract for purposes of this section, whether or not the suit proceeds to final judgment. Except as provided in paragraph (2), the party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract. The court may also determine that there is no party prevailing on the contract for purposes of this section.

The parties do not dispute that Defendants are the prevailing party here, as all of Plaintiff's claims have been dismissed with prejudice. *See Phat Ngoc Nguyen v. Wells Fargo Bank, N.A.*, Case No. 10-CV-4081-EDL, 2011 U.S. Dist. LEXIS 15318, *6-7 (N.D. Cal. Jan. 3, 2011) (awarding Defendant Wells Fargo attorneys' fees with identical fees clause).

The Court recognizes that, in certain circumstances, awarding even contractually-authorized attorneys' fees may be "inequitable and unreasonable." *See, e.g.*, *Cruz v. Wachovia Mortg.*, Case No. 10-CV-3412-AHM, 2011 U.S. Dist. LEXIS 24784, *6-8 (C.D. Cal. Mar. 8, 2011) (in similar foreclosure action, denying Defendant Wells Fargo's attorneys' fees motion where it "would be both inequitable *and* unreasonable" to allow such recovery). The circumstances here, however, in which Plaintiff: obtained a $1.62 million loan on what is now, in her view, a $3.9 million Property; owns another $500,000 home in Lake Geneva, Wisconsin; and has expressly and consistently refused to pay any monthly mortgage payments since 2008, do not suggest that

5
Case No.: 10-CV-01073-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEYS' FEES

awarding prevailing Defendants contractually-authorized attorneys' fees is either inequitable or unreasonable. Moreover, Defendants have narrowed their fees request, and only seek post-petition fees incurred after the filing of Plaintiff's bankruptcy petition.

### B. Reasonableness of Fees

Defendants have persuasively demonstrated that Plaintiff's claims are either "on the contract" or completely intertwined with her contract claims, so that contractual attorney's fees are appropriate. *See Abdallah v. United Savings Bank*, 43 Cal. App. 4th 1101, 1111, 51 Cal. Rptr. 2d 286 (1996) ("For example, the holder of a note which provides for payment of fees incurred to collect the balance due is entitled to fees incurred in defending itself against 'interrelated' allegations of fraud."); *Bonner v. Redwood Mortgage Corp.*, 2010 U.S. Dist. LEXIS 69625, *7-8 (N.D. Cal. 2010) (awarding fees on fraudulent misrepresentation, unjust enrichment, conspiracy, quiet title, § 17200, usury, predatory lending, privacy and emotional distress claims "[g]iven their significant relation to the parties' mortgage contract"); *Rivera v. Wachovia Bank*, 2009 U.S. Dist. LEXIS 98809 (S.D. Cal. 2009) (mortgage case awarding fees on claims for declaratory relief, fraud, breach of covenant, breach of contract, quiet title, unfair business practices and conspiracy because they were all "either based directly on the contract, require predicate acts based on the contract, or relate to the formation of the contract"). Thus, all of Plaintiff's claims are inextricably intertwined with the contract claims and fees need not be apportioned claim by claim.

The Ninth Circuit has provided:

> In calculating reasonable attorney fees the court must consider the following factors: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill necessary to perform the legal services properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relations with the client, and (12) awards in similar cases.

*See LaFarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.,* 791 F.2d 1334, 1341-42 (9th Cir. 1986). A complete failure to consider these factors is an abuse of discretion, but a court may properly deem that some factors are not relevant. *Id.* at 1342. In order to determine what rate is "reasonable," courts look at "prevailing market rates in the relevant community." *Blum v.*

*Stenson*, 465 U.S. 886, 895 (1984); *Davis v. City of San Francisco*, 976 F.2d 1536, 1545 (9th Cir. 1992) (a reasonable hourly rate should be determined "by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity")

Defendants argue that the fees sought are reasonable in light of prevailing market rates in the relevant community for similar work. In support, Defendants have submitted the declaration of Mark Flewelling detailing the qualifications and rates for each individual in his firm who worked on the case, as well as the detailed billing records for the case showing the fees incurred. *See* Flewelling Decl. In support of the rates, Defendant cites *Phillips v. IMS Loans, Inc.*, 2010 U.S. Dist. LEXIS 107865 and *Phat Ngoc Nguyen v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 15318, *14, which both approved the rate of $320 per hour for Mr. Flewelling and $250 per hour for Mr. Wu for work performed in 2010. Defendants also represent that Mr. Flewelling's rate increased to $350 per hour and Mr. Wu's rate increased to $275 per hour starting in 2011. Plaintiff does not contest the reasonableness of the attorneys' hourly rates and they appear to be reasonable for the San Francisco area. Defendants seek a total of $17,986.00 for post-petition attorneys' fees.

Although the Court appreciates Defendants' efforts to limit the fees sought, the Court finds that a reduction in fees is warranted. *See Phat Ngoc Nguyen v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 15318, *14 (awarding these same attorneys *reduced* fees of $19,302.50 where two partners, one associate, a legal assistant, and a paralegal billed time on case) and *Rivera v. Wachovia Bank*, 2009 U.S. Dist. LEXIS 98809, *3 (S.D. Cal. 2009) (granting a fee motion in a mortgage case but reducing the amount of fees by almost half where "t]he time and labor required to defend the matter were not great, nor were the legal questions novel or difficult" and the case was resolved on a motion to dismiss prior to an answer or any discovery). Similar to both *Nguyen* and *Rivera*, this case was entirely disposed of on the grounds of preemption and failure to state a claim without Defendants having to answer or conduct any discovery. Although Plaintiff filed amended complaints, Plaintiff's allegations remained essentially the same flawed allegations throughout. The Court hereby limits the fee award to time spent on the motions to dismiss, and discounts that time spent by one-third, leaving an award of $11,990. *See Phat Ngoc Nguyen v.*

7

Case No.: 10-CV-01073-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEYS' FEES

*Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 15318, *14 (similarly discounting attorneys' time by one-third).

### III.  CONCLUSION

For the reasons explained above, Defendants' motion for an award of attorneys' fees is GRANTED IN PART AND DENIED IN PART.  Defendants are entitled to an award of $11,990 in fees.  The September 1, 2011 motion hearing is vacated.

**IT IS SO ORDERED.**

Dated:  August 30, 2011                              _____
                                                                          LUCY H. KOH
                                                                          United States District Judge