FILED

NOT FOR PUBLICATION                                   JAN 03 2013

UNITED STATES COURT OF APPEALS                        MOLLY C. DWYER, CLERK
                                                        U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT


| | |
|---|---|
| LAURA GENS, | No. 11-16476 |
| Plaintiff - Appellant, | D.C. No. 5:10-cv-01073-LHK |
| v. | |
| WACHOVIA MORTGAGE, CORPORATION; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California Lucy
Koh, District Judge, Presiding

Submitted December 19, 2012[**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

Laura Gens appeals pro se from the district court's order dismissing her

action alleging federal and state law claims arising out of foreclosure proceedings.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a district court's

---

   [*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   [**] The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

dismissal. King v. California, 784 F.2d 910, 912 (9th Cir. 1986). We review for an abuse of discretion a district court's decision whether to apply equitable tolling. Huynh v. Chase Manhattan Bank, 465 F.3d 992, 1003 (9th Cir. 2006). We affirm.

The district court properly dismissed Gens's Truth in Lending Act ("TILA") claims for damages and rescission as time-barred because Gens did not file her action within three years of the alleged violation. See 15 U.S.C. § 1640(e) (an action for damages under TILA must be brought within one year of the alleged violation); 15 U.S.C. § 1635(f) (permitting up to three years to rescind under TILA). Moreover, the district court did not abuse its discretion by declining to apply equitable tolling to Gens's TILA claim seeking damages because Gens did not act with due diligence. See Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1045 (9th Cir. 2011) (noting that equitable tolling applies "in situations where, despite all due diligence, the party invoking equitable tolling is unable to obtain vital information bearing on the existence of the claim" (citation and internal quotation marks omitted)).

We do not consider whether the district court properly concluded that Gens's state law claims were preempted by the Home Owners' Loan Act because Gens neither raised nor argued the issue in her opening brief. See Padgett v. Wright, 587

F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**