UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LAURA GENS, | Case No.: 10-CV-01073-LHK |
| Plaintiff, | 12-CV-05947-LHK |
| v. | ORDER SETTING HEARINGS |
| WACHOVIA MORTGAGE CORP., et al., | |
| Defendants. | |

On January 28, 2013, this Court related *Gens v. Cal-Western Reconveyance et al.*, 12-CV-05947-EJD, to the earlier filed *Gens v. Wachovia Mortgage Corp. et al.*, 10-CV-01073-LHK. ECF No. 39. At the time that *Gens v. Cal-Western Reconveyance et al.*, 12-CV-05947-EJD, was reassigned to this Court, Defendants had a pending Motion to Dismiss, ECF No. 10, Motion for Joinder, ECF No. 13, and Motion for Remand, ECF No. 14.

On February 1, 2013, the United States Bankruptcy Court imposed an automatic stay in the Chapter 11 bankruptcy case of Plaintiff Laura Gens ("Plaintiff"), in the matter entitled *In re Laura Gens*, United States Bankruptcy Court for the Northern District of California, Case No. 13-50106-ASW. *See* ECF NO. 103 ("Notice of Automatic Stay"). The "automatic stay" pursuant to 11 U.S.C. § 362 operated as an automatic stay of the continuation of a "judicial, administrative, or other action or proceeding" against the debtor, 11 U.S.C. § 362(a)(1), as well as an automatic stay of acts to "collect, assess, or recover a claim" against the debtor arising prior to the application date

for the automatic stay, 11 U.S.C. § 362(a)(6). The automatic stay was to remain in effect until April 15, 2013, pending a ruling on Plaintiff's motion to impose the automatic stay. Notice of Automatic Stay at 2. In light of this stay, the Court ordered the parties to file a joint status report regarding the status of these federal court cases in light of Plaintiff's Chapter 11 bankruptcy case, including whether any stay is currently in effect. *See* ECF No. 106.

On June 3, 2013, the parties filed their Joint Status Report pursuant to the Court's Order. *See* ECF No. 107. In this Joint Status Report, the parties state that the Honorable Arthur Weissbrodt granted Plaintiff's motion to impose the automatic stay and ordered the automatic stay to be imposed for 6 months against creditor Wells Fargo (until October 10, 2013) to give Plaintiff time to confirm or amend a Chapter 11 Plan in Plaintiff's Bankruptcy. *Id*. at 2. Wells Fargo states that it intends to re-file its motion for pre-bankruptcy attorney's fees within 30 days of termination of the automatic stay in Plaintiff's Bankruptcy. *Id*. at 3. However, both parties agree that the automatic stay does not prevent the continued prosecution of an action initiated by the debtor. ECF No. 107 at 2 (citing *In re Merrick*, 175 B.R. 333, 337 (9th Cir. BAP 1994)); *see also In re Mitchell*, 206 B.R. 204, 212 (Bankr. C.D. Cal. 1997) ("The 11 U.S.C. § 362 automatic stay only stays lawsuits *against* the debtor and the debtor's bankruptcy estate."). Accordingly, the Court hereby sets a hearing on Defendants' pending Motion to Dismiss, Defendants' Motion for Joinder, and Plaintiff's Motion for Remand for July 11, 2013, at 1:30 p.m.

**IT IS SO ORDERED.**

Dated: June 5, 2013

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

2

Case No.: 10-CV-01073-LHK
        12-CV-05947-LHK
ORDER SETTING HEARINGS